## TOM WALLACE et al. v. STATE.

No. A-8435.   Sept. 30, 1932.
(14 Pac. [2d] 956.)

E. Moore, for plaintiffs in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the district court of Garvin county of robbery with firearms, and were each sentenced to serve a term of 20 years in the state penitentiary.

The record discloses that defendants resided in Coal county.   Defendant Wallace was just 19 years of age, and Collins 20 years of age.   They conceived the idea of robbing the bank at Lindsay, and hitch-hiked from their home near Clarita to Lindsay, on the way procuring a pistol from a pawnshop at Ada, and on December 19, 1931, about 10 o'clock a. m., they entered the Lindsay State Bank, and with a pistol held up the officers of the bank

and a customer or two who were there and took $447 in money. Coming out of the bank, they forced Frank Bales, a young man in a car, to drive them into the country in an effort to escape. An alarm was given, and a posse immediately pursued. It had been raining, and the car in which defendants attempted to escape became stuck in the mud some eight miles from town, where defendants abandoned the car and went into a canyon. The posse came up and opened fire, and defendants returned the fire with the pistol, firing some fifteen shots, one of which struck one of the posse in the eye and seriously wounded him. Defendants were captured there. and the money recovered. In the trial each took the stand, admitted the robbery and the circumstances as detailed, the defense amounting virtually to a plea of guilty and for leniency.

The only matter urged in the brief is that the punishment is excessive. Defendant's counsel concedes that under section 3148, St. 1931, which provides that a trial judge under certain circumstances may suspend sentence of offenders under 21 years of age, the trial court is given a discretion which probably cannot be controlled by the court. The statute does vest the trial court with a discretion which will not be interfered with on appeal except in a clear case of abuse of discretion. This discretion depends on so many circumstances that it would be rare indeed, if at all, where the circumstances would be such that the appellate court could say the trial judge abused his dicretion in not suspending the sentence. That the punishment is severe is evident; that the crime committed is a prevalent evil and virtually a war on organized government is also evident. The plea here is based largely on the age of the defendants and on previous good character. We know as a matter of current history that a large part

of the present day crime is committed by mere youths and in many instances of previous good character. So far as the record disclosed, these defendants were sons of respectable law-abiding parents, not brought up under criminal environment. They were not urged to the commission of this crime by any pressing personal need for themselves nor any one dependent upon them. They testified they contemplated the commission of the crime for a month or more. No doubt, as they testify, they did not intend to kill any one in committing the robbery, but that they would do so if pressed is shown by the fact that they fired repeatedly at the posse seeking their arrest and only by chance missed killing one of them. We are not willing to say that justice requires that this court reduce the sentence.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.