Ex parte EARL MAISH.

No. A-9021.   Dec. 13, 1935.
(52 Pac. [2d] 85.)

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for respondent.

DAVENPORT, P. J. This is an original petition filed in this court in which the petitioner alleges he is unlawfully confined by Roy W. Kenny, warden of the state penitentiary, at McAlester.

The grounds upon which he alleges he is unlawfully confined is that in December, 1921, the petitioner was convicted in the district court of Tulsa county, Okla., on a charge of larceny of an automobile, and by reason of such conviction was sentenced to the penitentiary for a term of 20 years for said offense.

The petitioner further alleges that he intended to appeal and did not do so for the reason that the county attorney and the assistant county attorney promised him, if he would not appeal his case, when he had served three years they would see he did not have to serve longer.

Petitioner further alleges he was incarcerated in the penitentiary, and on the 16th day of August, 1923, Governor Walton wrote a note to J. H. Townsend, warden of the state penitentiary, at McAlester, ordering and directing that the petitioner be granted a leave of absence. Petitioner attaches a copy of this order to his petition, the last statement in the order being as follows:

"The leave expires on the 16th day of September, 1923. The said judgment be thereafter proceeded with to all intents and purposes as though this leave had not been granted, in the event further clemency is not extended."

It is further shown by the petitioner that on the 8th day of September, 1923, further leave was granted by Governor Walton, extending the leave of the petitioner until the 16th day of December, 1923, with the statement in the order:

"The said judgment to be hereafter proceeded with to all intents and purposes as though this leave had not been granted, in the event further clemency is not extended."

As shown by the petitioner, no further leave was granted, and the petitioner did not return to the penitentiary. The petitioner shows that he worked at different places, and was, at the time he learned he was booked as an escaped convict, in the state of New York visiting his brother; that he was returned to the state penitentiary on the 12th day of December, 1931, where he has remained imprisoned and incarcerated in the state prison.

Many other allegations are set forth in the petition which it is not necessary to enumerate, which are in the nature of an argument that the petitioner is entitled to the relief prayed for.

The response of the warden admits the facts stated in the petition as to the leave of absence granted by Governor Walton, and the extension of the leave of absence, and the fact that the books show that he was entered as an escaped convict after the expiration provided in the extension to his leave of absence, and that the petitioner did not return to the penitentiary himself to serve out the term of imprisonment.

A careful reading of the petition, and the response, discloses there is only one issue in the case, and that is the leave of absence granted by the Governor was not filed in the Secretary of State's office, and did not bear the seal of the state. And the same argument is presented against the extension to the leave of absence.

It is true that the granting of the leave of absence and the extension of the leave of absence does not bear the seal of the state, or the signature of the Secretary of State, at the time, yet it is admitted by the petitioner

that the granting of the leave of absence, and the extending of the leave of absence by the Governor was what gave the petitioner his leave from the penitentiary, and the petitioner not only was released, but received the benefit of the absence from the penitentiary, and the liberty for many years. Petitioner was in possession of the documents signed by the Governor, and knew their provisions, and there is nothing shown in the petition that when the time fixed in the extension of the leave of absence expired that he offered to surrender himself to the warden of the penitentiary, or to the chief executive of the state, but continued to exercise the privilege granted under them, and failed to return when the time had expired. The petitioner is not in a position to raise the question that the leave of absence granted by the Governor, or the extension to the leave of absence, was not attested by the Secretary of the State, with the great seal of the state, for the reason that he got the benefit of the provisions and cannot be heard to question the legality, or complain that after the expiration of the time fixed in the leave of absence, and extension, he was entered on the books of the penitentiary as an escaped convict. From the time the leave of absence expired until the time he was taken into custody, as a matter of law, he was absent without leave from the penitentiary, and was an escaped convict. He was located in the state of New York and returned to the penitentiary.

The statements contained in the petition and the response of the warden show that the petitioner has not served his term of sentence, and that he is legally committed to the penitentiary, and is now being held under a legal commitment by the warden; that he is not entitled to the relief prayed for.

The writ is denied.

EDWARDS and DOYLE, JJ., concur.