STATE v. WILLIAM FELTS.

No. A-8338. Dec. 2, 1937.
(74 P. 2d 125.)

Dixie Gilmer, Co. Atty., and M. S. Simms, Asst. Co. Atty., for the State.

DOYLE, J. The defendant in error, William Felts, and his codefendant, Forest Groves, on the 8th day of March, 1937, entered pleas of guilty in the district court of Tulsa county to a charge of conjoint robbery, and by said court were each sentenced to serve a 5-year term in the reformatory at Granite, Leslie Webb, judge of said district court, presiding. On March 18, 1937, Judge Webb granted a parole to defendant William Felts, under the provisions of section 3148, O. S. 1931 (22 Okla. St. Ann. § 991), which gives to the court the right to parole a defendant under 21 years of age. The county attorney thereupon filed a motion to set aside the order paroling defendant, a minor.

Said motion was heard and evidence introduced in support of the same. After which hearing the court overruled the motion to set aside the parole. To which ruling of the court plaintiff in error excepted, and the state appealed on questions reserved.

The original case-made, duly signed, attested and filed in the court below was with petition in error attached, filed in this court on May 24, 1937.

Since the appeal was taken, the defendant in error departed this life as shown by the motion of the county attorney, suggesting the death of William Felts, defendant in error, having been killed November 21 in an automobile accident.

In a criminal prosecution, the purpose of the proceeding being to punish the defendant in person, the action must necessarily abate upon his death.

It is therefore considered and adjudged that the proceedings in the above-entitled cause, and especially on the judgment of conviction therein rendered against the defendant William Felts, do abate. It is so ordered, and the cause remanded to the district court of Tulsa county, with direction to enter its appropriate order to that effect.

DAVENPORT, P. J., and BAREFOOT, J., concur.