EDDIE DUGGINS v. STATE.

No. A-10670. June 12, 1946.

(170 P. 2d 266.)

358

Meacham, Meacham & Meacham, of Clinton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Eddie Duggins, was convicted in the district court of Custer county of the crime of riot and was sentenced to serve ten years in the Oklahoma State Penitentiary.

From the judgment rendered against the defendant, an appeal was perfected by filing in this court on August 6, 1945, a petition in error with case-made attached.

The Attorney General has filed a motion to dismiss the appeal for the reason that after the appeal was filed herein the defendant was charged by indictment filed in the United States District Court for the Western District of Oklahoma with having committed certain acts which were in violation of the laws of the United States, which said acts were alleged to have been committed on or about March 5, 1946; that the defendant was charged

by indictment in case No. 15118 with breaking and entering into a United States post office and forgery of government obligations, and was charged by indictment in case No. 15120 with breaking into and entering a post office; that on the 26th day of April, 1946, the defendant, Eddie Duggins, entered a plea of guilty to each of said indictments and was sentenced by the court to serve five years in the United States Penitentiary at Fort Leavenworth, Kan., in each case, said sentences to run concurrently. A certified copy of the indictment and judgment and sentence in each of said cases is attached to the motion to dismiss.

The motion further alleged that the defendant is now incarcerated in the Federal Penitentiary at Leavenworth, Kan., and is unable to respond to any judgment or order of this court, and that for said reason his appeal should be dismissed.

Said motion was set for hearing and counsel for defendant appeared and admitted that the allegations of fact set forth in the motion to dismiss were true and correct and that the defendant is now incarcerated in the Federal Penitentiary at Leavenworth, Kan.

The case of Hayes v. State, 50 Okla. Cr. 178, 296 P. 988, is similar to this case. In that case, the defendant entered a plea of guilty in the United States District Court for the Northern District of Oklahoma after his appeal had been filed in this court and was committed to serve a term of three years in the penitentiary at Leavenworth, Kan. His appeal was dismissed.

In the recent case of Kuykendall v. State, 82 Okla. Cr. 228, 168 P.2d 142, it is said:

"Where defendant has been convicted and sentenced and perfects an appeal, Criminal Court of Appeals will not consider his appeal unless the defendant is where he can be made to respond to any judgment or order it may render and enter in the case.

"Where convicted defendant appeals and gives bond to stay the execution of the sentence during the pendency of the appeal, and violates condition of the bond by leaving the state without leave of court, it is within the discretion of the Criminal Court of Appeals to proceed to a decision of the cause or dismiss the appeal.

"Where defendant, after conviction of crime of forgery and during pendency of his appeal to this court, left the State without permission and was indicted for similar offenses allegedly committed by him in three different counties in another State, and where proof in support of motion to dismiss appeal shows that at present time defendant is incarcarated in jail in other State and unable to respond to any judgment which Criminal Court of Appeals may render, his appeal will be dismissed."

It being agreed that defendant is confined in the Federal Penitentiary beyond the jurisdiction of this court and where he could not be made to respond to any judgment this court might render, the appeal is dismissed.

BAREFOOT, J., concurs. DOYLE, J., not participating.