# STATE v. EPHIE HUMPHREY.

No. A-10773.   Nov. 5, 1947.

(186 P. 2d 664.)

154

Fred E. LaRue, County Atty., Custer County, of Clinton, for plaintiff in error.

Meacham, Meacham, Meacham & Meacham, of Clinton, for defendant in error.

JONES, J. This is a purported appeal by the State of Oklahoma from an order of the district court of Custer county refusing to set aside the suspended sentence granted to the defendant, Ephie Humphrey.

The defendant, Ephie Humphrey, was charged jointly with Raymond Schoolcraft and Eddie Duggins with directing a riot. Duggins v. State, 82 Okla. Cr. 357, 170 P. 2d 266; Schoolcraft v. State, 84 Okla. Cr. 20, 178 P. 2d 641.

On February 9, 1945, the defendant, Humphrey, entered his plea of guilty and was sentenced to serve 20 years imprisonment in the State Penitentiary. At the time judgment was pronounced, it was further ordered by the court that the sentence be suspended pursuant to the terms and conditions imposed by the statute. Thereafter, on March 6, 1946, the county attorney of Custer county filed a motion to revoke the suspended sentence theretofore given to the defendant, Humphrey, for the reason that on several occasions after sentence was pronounced against the defendant, he had engaged in numerous fights and had been intoxicated and was keeping company with another man's wife, all of which constituted violations of the conditions of the suspended sentence.

A hearing was had on the state's motion to set aside the suspended sentence and evidence was introduced on behalf of the state and defendant. At the conclusion of the hearing, the trial court stated that he was convinced that the defendant had not strictly lived up to the conditions of the suspended sentence, but that he was going to give him one more chance and accordingly he refused to set aside the suspended sentence.

This appeal has been taken from such action of the trial court in refusing to vacate the suspended sentence aforesaid. The appeal was filed herein on July 9, 1946. There has been no brief filed on behalf of the state and no appearance was made on behalf of the state at the time the case was assigned for oral argument.

On April 21, 1947, the defendant filed a motion to dismiss the appeal because of the failure of the state to file a brief and for the further reason that there was no authority for the State of Oklahoma to appeal from an order denying the motion to vacate a suspended sentence. No response was filed to this motion.

This court has held that where the state appeals on a reserved question of law and no brief is filed and no appearance made when the case is called for submission, the judgment will be affirmed. State v. Sisler et al., 71 Okla. Cr. 211, 110 P. 2d 321.

In Barefield v. State, 26 Okla. Cr. 274, 223 P. 408, this court held that where the time for filing a brief supporting the appeal has passed and no brief having been filed, it may be assumed that the appeal has been abandoned.

The right of the state to take an appeal is governed by statute and it has been held that the statutory au-

thority cannot be enlarged by construction. State v. Gray, 71 Okla. Cr. 309, 111 P. 2d 514.

By statute it is provided:

"Appeals to the Criminal Court of Appeals may be taken by the State in the following cases and no other:

"1. Upon judgment for the defendant on quashing or setting aside an indictment or information.

"2. Upon an order of the court arresting the judgment.

"3. Upon a question reserved by the State." 22 O. S. 1941 § 1053.

This is not an attempted appeal under either the first or second provisions of the statute, but if the appeal may be sustained it is because it is brought under the third subdivision of the statute "upon a question reserved by the State". The state did not contend in their petition in error that they were appealing on a reserved question of law. The purported appeal is based upon the alleged error of the court in not setting aside the suspended sentence and committing the said defendant to the penitentiary. In the petition in error it is prayed "that a judgment be rendered setting aside the suspended sentence of the said defendant in error, Ephie Humphrey."

In State v. Waldrep, 80 Okla. Cr. 230, 158 P. 2d 368, 369, it is held:

"In a criminal case the state may appeal to this court: First, from a judgment setting aside an indictment or information; second, upon an order of court arresting judgment; and, third, upon a question reserved by the state. An appeal upon a question reserved by the state does not bring up any part of the trial or proceedings of the case, except the question reserved and the judgment of acquittal, and if such question reserved is decided in favor of the

State, it simply settles that question of law and does not affect the verdict of acquittal."

In State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091, it is stated:

"The state has the right to prosecute an appeal to this court upon any question of law reserved by the state during the trial of a criminal case. The fact that the defendant may have been acquitted and could not again be tried for the same offense will not in any way interfere with the right of the state to appeal and have the question so reserved settled."

In the case of Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162, 163, this court discussed at length the statute conferring the right on the trial court to suspend the sentence of a convicted person upon the conditions named in the statute. 22 O. S. 1941 §§ 991, 992. It was therein held:

"Suspension of sentence under said statute is not a parole nor pardon, but is an authorized mode of mild and ambulatory punishment, instituted by the Legislature for the purpose of giving persons who come within the operation of the statute an opportunity for reformation."

"Only those persons coming within terms of statute are eligible for suspended sentence, but they have no right to demand the same; and it may not be granted to them except at the discretion of the court."

"The revocation of a suspended sentence is a matter addressed to the sound judicial discretion of trial judge, and the hearing in connection therewith may be of a summary character.

"In habeas corpus proceeding by accused, alleging trial court revoked suspended sentence without due process of law, the question for determination is whether there has been an abuse of discretion by trial court, and is to be determined in accordance with familiar principles

governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action."

In the body of the opinion it is stated:

"We follow what we consider the better rule in the interpretation of our statute, that the suspension of the execution of the sentence is a matter of grace, expressly ordered by the Legislature, to be in the discretion of the trial judge, with the revocation of such suspension equally within his discretion, subject to the right of the accused to apply to this court for relief if it can be shown that the court's action was arbitrary or governed solely by whim or caprice of the judge, without a legal foundation.

"Beneficent results could not be secured under our suspended sentence law if every accused was entitled to a trial to determine whether his suspended sentence should be revoked. Without doubt, a conscientious judge in many instances would be deterred in his desire to aid in the rehabilitation of a convicted person if we were to hinge the statute with technicalities and difficulties incident to a revocation. The Legislature has wisely charged the court with the duty of determining in the first instance whether a defendant shall be given a suspended sentence, and by the same statute it clearly vests in the court the power to determine in his own sound judicial discretion when such suspension of execution of sentence should be terminated. The vesting of such power in the court does not deprive the defendant of any of his constitutional rights. No convicted person has a constitutional right to produce proof to try out the issue of what his punishment shall be. That question must be determined by society, which in turn has vested that power in the courts."

In the case of Ross v. State, 78 Okla. Cr. 293, 147 P. 2d 797, 798, this court held:

"The granting or refusal of a suspended sentence being discretionary with the trial court, this court will not interfere with the exercise of that discretion."

For all of the above reasons, it appears that the motion to dismiss the appeal should be sustained. It is so ordered.

BAREFOOT, P. J., and BRETT, J., concur.