## STATE v. JOHN WESLEY MORGAN.

No. A-10745.   Nov. 26, 1947.
(187 P. 2d 273.)

Tom Haile, Co. Atty., of McAlester, for plaintiff in error.

W. N. Redwine, of McAlester, for defendant in error.

BRETT, J. This is an appeal by the State of Oklahoma on a reserved question of law. The grounds of said appeal are as follows: On January 14, 1946, petition was filed in the county court of Pittsburg county, Okla., against John Wesley Morgan, seeking the revocation of a nonintoxicating beverage license, issued to him in the town of Hartshorne. On January 22, 1946, after hearing thereon, the license was revoked. On the same day, notice of appeal was given, an appeal bond made and approved. It appears that when this was done, the county court re-

fused to suspend said license, under the provisions of Title 37 O. S. A. § 162h, as follows:

"If an appeal is taken, as herein provided, the county judge may suspend such permit pending final determination of the appeal by the district court."

On that same day, the county attorney having information the defendant sold a nonintoxicating beverage, charged him, by information, with the sale of the same in violation of Title 37 O. S. A. §§ 162q and 162e, subs. (c), providing against the sale of such beverage without a license and fixing a penalty therefor.

A motion to dismiss the action was filed by the defendant. The state then moved that the court strike from the files the motion to dismiss. For the purpose of the appeal herein, the county attorney was permitted to amend the information to show the violation occurred on the 23rd of January, 1946, instead of on the 22nd of January, 1946. This appeal was taken on the court's refusal to sustain the state's motion to strike the defendant's motion to dismiss, from the files, and the court's action in sustaining the defendant's motion to dismiss the information.

The appeal was filed herein on March 16, 1946. The case was submitted on the record January 30, 1947, and the state given 30 days in which to file briefs. No briefs have been filed by the state and no appearance made on behalf of the state.

This court has recently held, in State of Oklahoma v. Humphrey, 85 Okla. Cr. 153, 186 P. 2d 664, 665:

"* * * where the state appeals on a reserved question of law and no brief is filed and no appearance made when the case is called for submission the judgment will be affirmed. State v. Sisler et al., 71 Okla. Cr. 211, 110 P. 2d 321.

"In Barefield v. State, 26 Okla. Cr. 274, 223 P. 408, this court held that where the time for filing a brief supporting the appeal has passed and no brief having been filed, it may be assumed that the appeal has been abandoned."

For the foregoing reasons, the judgment of the county court is affirmed.

BAREFOOT, P. J., and JONES, J., concur.