## JEWEL STONE v. STATE.

No. A-10788.  Jan. 14, 1948.

(188 P. 2d 875.)

2

Herbert K. Hyde, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Warren H. Edwards, Co. Atty., and W. A. Carlile, Asst. Co. Atty., both of Oklahoma City, for. defendant in error.

JONES, J. The defendant, Jewel Stone, was charged by information filed in the district court of Oklahoma county, on September 6, 1941, with the crime of wife and child abandonment. On September 15, 1941, the defendant entered his plea of guilty to said charge and was sentenced to serve a term of five years imprisonment in the State Penitentiary. At the same time and place an order was entered suspending the sentence on good behavior in accordance with the statute authorizing the suspension of sentences in certain cases. 22 O. S. 1941 §§ 991 & 992.

On December 1, 1945, the county attorney of Oklahoma county filed a written application to revoke the suspended sentence given to the defendant for the reason that he had failed to comply with the terms and conditions of said suspended sentence. On December 20, 1945, the district court entered an order setting the application to revoke the suspended sentence for hearing on January 3, 1946, at 9:00 a. m. On January 3, 1946, the district court entered an order revoking the suspended sentence. Thereafter, on the 4th day of February, 1946, defendant, through his counsel, filed a written application to vacate the order revoking the suspended sentence. This application was set for hearing on February 8, 1946, at which time the defendant appeared in person and by his attorney, and the State of Oklahoma was represented by the assistant county attorney of Oklahoma county. Considerable evidence was offered both by the state and the defendant as to whether the defendant had complied with the terms and conditions of the suspended sentence which had been given him in 1941. At the conclusion of the hearing, the trial court took the matter under advisement until March 15, 1946, at which time he entered an order denying the application to vacate the order revoking the suspended sentence, and directing the sheriff to transport the defendant to the State Penitentiary to commence serving his sentence.

The defendant excepted to the order of the court denying his application to vacate the order revoking the suspended sentence, gave notice of appeal, and was released from confinement upon execution of an appeal bond in the sum of $2,500.

The case-made with petition in error attached was filed in this court on September 21, 1946. There has been no brief filed on behalf of defendant and no appearance

in his behalf at the time the case was assigned for oral argument.

Where an appeal is submitted without briefs and without oral argument, it is the rule of this court to search the record for fundamental error only, and, if none is found, and there is competent evidence in the record to sustain the conviction, affirm the judgment. Booth v. State, 73 Okla. Cr. 67, 117 P. 2d 805; Scott v. State, 73 Okla. Cr. 247, 119 P. 2d 877.

There is no question raised in the record as to the guilt of the defendant. His plea of guilty entered in 1941, is conclusive as to that fact, and this is a purported appeal from the denial by the trial court of an application to vacate an order revoking a suspended sentence.

In the recent case of State v. Humphrey, 85 Okla. Cr. 153, 186 P. 2d 664, it was held:

"Only those persons coming within terms of statute are eligible for suspended sentence, but they have no right to demand the same; and it may not be granted to them except at the discretion of the court.

"The revocation of a suspended sentence is a matter addressed to the sound judicial discretion of trial judge, and the hearing in connection therewith may be of a summary character.

"The granting or refusal of suspended sentence or the refusal to revoke a suspended sentence being a matter addressed to the sound discretion of the trial court, no appeal will lie from an order of the trial court rendered in the exercise of that discretion."

In the case of Ex parte Boyd, 73 Okla. Cr. 441, 122 P. 2d 162, 163, this court held:

"Where all constitutional and statutory guarantees have been observed in criminal prosecution, requirements of due process are fully satisfied, presumption of inno-

cence is overcome, and hence suspension of sentence is not a matter of right, but purely within trial court's discretion."

"When execution of a sentence is suspended, the judgment itself is not impaired or limited. The time for its execution is merely deferred, as a matter of grace, subject to being withdrawn by the court for a violation of some of the conditions named in statute.'

"The revocation of a suspended sentence is a matter addressed to the sound judicial discretion of trial judge, and the hearing in connection therewith may be of a summary character.

"In habeas corpus proceeding by accused, alleging trial court revoked suspended sentence without due process of law, the question for determination is whether there has been an abuse of discretion by trial court, and is to be determined in accordance with familiar principles governing the exercise of judicial discretion. That exercise implies conscientious judgment, not arbitrary action."

No question has been raised by the state as to whether the defendant has a right to appeal from the denial of the application to vacate the order revoking the suspended sentence. We have held in Ex parte Boyd, supra, that the defendant in a habeas corpus proceeding may present the question as to whether there has been an abuse of judicial discretion by the trial court in revoking a suspended sentence. If the order denying the application to vacate the order revoking the suspended sentence was an appealable order (upon which question we do not express an opinion), it appears that this court in determining the effect of the order revoking the suspended sentence would be limited to a determination as to whether or not the trial court abused his discretion. The record wholly fails to show an abuse of judicial dis-

cretion on the part of the trial court. The judgment is affirmed.

BAREFOOT, P. J., and BRETT, J. concur.