## ALLEN v. BURFORD.

No. A-11313. Jan. 11 1950.

(214 P. 2d 455.)

Freddie Allen, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore. Asst. Atty. Gen., for respondent.

POWELL, J. The petitioner has filed herein his original petition alleging that he is unlawfully confined by Clarence P. Burford, warden of the State Penitentiary, at McAlester, Okla.

The transcript disclosed that the defendant was on August 24, 1948, tried in the district court of Custer county on the charge of forgery in the second degree, being represented by counsel whose fees were paid by the state, and that he was found guilty, and sentenced to serve a term of five years in the State Penitentiary at McAlester. But the sentence was on the same day suspended by the trial judge, the order providing, however, that the defendant be sent to Supply, Okla., and that he should comply with the rules of the state institution (for treatment of narcotics) there and co-operate with the officials and not run away or leave without release. The defendant signed such agreement.

On the 8th day of November, 1948, the county attorney of Custer county filed a motion in the district court of that county praying the revocation of the suspended sentence on the ground that on the 5th day of November,

1948, Freddie Allen was intoxicated in a public place, being on the streets of Clinton, Okla., and was arrested by the sheriff of Custer county for said offense, and that he left the institution at Supply without the knowledge or consent of the officers and in violation of the terms of his suspended sentence. On hearing on December 20, 1948, the district court of Custer county revoked the suspended sentence and the defendant was delivered to the warden at McAlester, to serve his sentence.

Petitioner contends that the trial court had no authority under the law to give him a suspended sentence, because he had prior thereto served six prison sentences for forgery, second degree; served two sentences for burglary, and had been arrested eight times on dope and drunk charges. This latter allegation is borne out by the F. B. I. records attached to the petition filed herein, but there is nothing in the record to disclose that the district judge before whom petitioner was tried had knowledge of such facts. Should he have such knowledge, by reason of Tit. 22 O. S. 1941 § 991, it would have been his duty to have had the defendant transported without delay, in absence of appeal, to the penitentiary.

We must assume that the court did not have this information, the order suspending the sentence setting out as a predicate for the order that the defendant, petitioner herein, had not prior thereto been convicted of any crime in any state or territory of the United States. Also, the fact that petitioner signed the agreement annexed to the order agreeing to all the terms of the order, evidences that he had full knowledge of the contents of the order.

The defendant contends that the court lost jurisdiction of his case when he illegally suspended his sentence and failed to send him immediately to the State Peni-

tentiary, and for such reason could not act further in the matter, and that the subsequent order revoking his suspended sentence was and is void, citing State v. Felts, 63 Okla. Cr. 201, 74 P. 2d 125, and Wallace v. State, 54 Okla. Cr. 90, 14 P. 2d 956. Those cases are not in point as to the questions raised.

As a matter of fact, however, it is not important whether the authorities knew of the former convictions or not, so far as the petition herein is concerned, as the suspension of a sentence does not affect the judgment rendered. It is not impaired or limited, but rather, the time for its execution is merely deferred as a matter of grace, and the suspension is subject to withdrawal by the court for a violation of some of the conditions named in the statute dealing with suspension of sentence. Stone v. State, 86 Okla. Cr. 1, 188 P. 2d 875; Hall v. State, 78 Okla. Cr. 83, 149 P. 2d 268.

The error here was in favor of the defendant, and of this he cannot complain. This principle is involved in Ex parte Maish, 58 Okla. Cr. 271, 52 P. 2d 85. If the county attorney had known of petitioner's past criminal record, he could have filed a charge under the habitual criminal act. Tit. 21 O. S. 1941 §§ 51 and 52. This he did not do and of this the petitioner cannot complain, being in his favor. Wilson v. State, 89 Okla. Cr. 421, 209 P. 2d 512.

It follows that petitioner is lawfully imprisoned under said judgment and sentence. Wherefore, the writ of habeas corpus will be denied. It is so ordered.

JONES, P. J., and BRETT, J., concur.