## PRATER v. STATE.

No. A-11489. Nov. 21, 1951.

(238 P. 2. 380.)

J. M. Hill, and Hickman & Hickman, all of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. The plaintiff in error Edgar Prater, defendant below, was charged by information in the district court of Tulsa county, Oklahoma, with

12

the commission of the crime of assault with intent to kill on the person of Mildred Jones, by means of a certain pistol which he discharged into the thigh of said Mildred Jones. The alleged offense occurred on December 1, 1949, in Tulsa county, Oklahoma. The case was tried to a jury, the defendant found guilty of the included offense of assault with a dangerous weapon with intent to do bodily harm, his punishment fixed at a year and a day in the penitentiary, and judgment and sentence entered accordingly. Title 21, § 645, O. S. 1941. From this judgment and sentence the defendant has lodged his appeal herein.

No briefs have been filed in this case, and no appearance on behalf of the defendant was made at the time the case was set for hearing on June 21, 1951, or at any time subsequent thereto. It has been repeatedly held by this court that, where a defendant appeals from a judgment of conviction and neither brief is filed nor appearance for oral argument made, this court will examine the pleadings, and the evidence, to see if it supports the pleadings, as well as the instructions, and if no error prejudicial to the substantial rights of the defendant is apparent, will affirm the judgment. Whitlow v. State, 85 Okla. Cr. 2, 184 P. 2d 253. See, also, Stone v. State, 86 Okla. Cr. 1, 188 P. 2d 875. This court will examine the record for jurisdictional and fundamental errors, and where none appears under such conditions, the judgment will be affirmed. We have carefully examined the record and find the information sufficient to support the conviction of assault with intent to do bodily harm, and is supported by the evidence, and no fundamental error appears in the record to warrant a reversal of the judgment of conviction. The judgment and sentence of the district court of Tulsa county is accordingly affirmed.

JONES and POWWEL, JJ., concur.