**Louis David LYDA, Petitioner,**

**v.**

**The STATE of Oklahoma et al., Respondents.**

**No. A-14221.**

Court of Criminal Appeals of Oklahoma.

May 24, 1967.

Louis David Lyda, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

Louis David Lyda, O. S. P. # 73945, has filed an application for writ of habeas corpus, alleging that he is presently confined in the State Penitentiary at McAlester by reason of a judgment and sentence rendered against him by the district court of Pontotoc County, on a charge of child abandonment, whereby petitioner was sentenced to serve three years in the penitentiary. It was alleged that petitioner aban-

doned his six children, all under the age of 18 years.

As grounds for the issuance of the writ, petitioner alleges that the judgment and sentence rendered June 7, 1963 was void, for the reason that at the time petitioner was given a suspended sentence, he was not eligible for such suspended sentence, by reason of former convictions of felonies.

From the court minutes attached to his petition, we observe that the defendant was sentenced on June 7, 1963 to three years imprisonment, and the sentence was suspended upon good behavior. On March 12, 1964 an application was filed to revoke the suspension of sentence, and a hearing had thereon on March 17, 1964. At that hearing, the matter was taken under advisement and defendant was released on his own recognizance. On September 23, 1965 another application to revoke the suspension was filed, and a hearing held on October 14, 1965. Evidence was heard, and the application was denied. November 10, 1965 a third application to revoke the suspended sentence was filed, and at the hearing on November 12, 1965 order was entered revoking the suspension, and judgment and sentence was entered. Thereafter petitioner was sent to the penitentiary to serve his three-year sentence.

This Court has held that one who is granted a suspended sentence when he was not eligible for such suspended sentence, by reason of having had former convictions, cannot complain thereof on habeas corpus, because the error is in his favor. Allen v. Burford, 90 Okl.Cr. 302, 214 P.2d 455; Ex parte Maish, 58 Okl.Cr. 271, 52 P. 2d 85.

Further, the suspension of a sentence does not affect the judgment rendered. It is not impaired nor limited, but rather, the time for its execution is merely deferred as a matter of grace. The suspension order is subject to withdrawal by the court for violation of any of the conditions set out in the statute dealing with suspensions of sentences. Title 22 O.S.A. §§ 991

and 992; Stone v. State, 86 Okl.Cr. 1, 188 P.2d 875; Allen v. Burford, supra.

To this petition the Attorney General has filed a demurrer, for the reason that the same fails to state a cause of action. We are of the opinion that this demurrer is well taken, and that the same should be, and is, sustained.

Therefore, the petition for writ of habeas corpus is dismissed.

NIX, P. J., and BUSSEY, J., concur.