MAJORS v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:MAJORS v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 MAJORS v. STATE
2020 OK CR 5
Case Number: F-2018-230
Decided: 05/21/2020
STANLEY VERNON MAJORS, Appellant v. THE STATE OF OKLAHOMA, Appellee.

Cite as: 2020 OK CR 5, __ __

 

ORDER DENYING REQUEST TO ABATE APPEAL
AND REMANDING CAUSE FOR FURTHER PROCEEDINGS
¶1 On May 18, 2018, Appellant Majors, by and through counsel, filed a Petition in Error appealing his conviction in Tulsa County District Court Case No. CF-2016-4516. Majors was found guilty by a jury of Count 1, Murder in the First Degree; Count 2, Possession of a Firearm after Felony Conviction; Count 3, Malicious Intimidation/Harassment; and Count 4, Threatening an Act of Violence. The District Court of Tulsa County, the Honorable Sharon Holmes, District Judge, sentenced Majors to consecutive terms of life imprisonment without the possibility of parole for Count 1; ten (10) years imprisonment for Count 2; one (1) year in jail for Count 3; and six (6) months in jail for Count 4. Majors' Brief-in-Chief, under a final extension of time, was due for filing no later than October 16, 2018.
¶2 On October 1, 2018, counsel for Majors, Richard Couch, Assistant Public Defender, filed a "Motion to Abate [Appeal] Due to Death of Appellant" in the above-referenced matter. Counsel alleged that Majors died on September 12, 2018, while an inmate at the Oklahoma State Penitentiary. Attached to the abatement motion was an affidavit from counsel indicating that he was advised of Majors' death on September 27, 2018, by the Oklahoma Attorney General's office. Counsel's motion seeks abatement of Majors' appeal.
¶3 On October 17, 2018, this Court issued an order directing a response. The parties were to address current Oklahoma practice, law and procedure governing abatement, as well as the procedures currently utilized by other jurisdictions. The parties were also instructed to address the following questions:
1. Upon the death of a defendant should the Court proceed with the appeal and render a final opinion addressing the merits of the appeal? 
2. If the Court does abate the appeal, should the abatement be limited to the appellate proceeding, or should the underlying conviction be abated as well? 
Briefs were subsequently filed with this Court. Majors' motion to abate appeal is DENIED.
¶4 It has long been the practice of this Court that when an appellant died pending the determination of an appeal, the appeal and the underlying conviction were abated. This is referred to as abatement ab initio. The cause was remanded to the trial court with directions to abate the underlying judgment and sentence and to enter an order documenting that the appeal had been dismissed. See Oklahoma v. Felts, 1937 OK CR 181, 74 P.2d 125; Nott v. State, 1950 OK CR 63, 218 P.2d 389; Wilson v. State, 1947 OK CR 98, 184 P.2d 634. Oklahoma's current use of abatement ab initio mirrors the procedure adopted by nearly all federal courts.[1] Durham v. United States, 401 U.S. 481 (1971).[2] Since Oklahoma confers a right of appeal via statute, a criminal conviction is not final until the conclusion of the direct appeal. Benham v. Plotner, 1990 OK 64, ¶ 5, 795 P.2d 510, 512.
¶5 While the majority of States abate appeals ab initio, some States abate only the pending appeal, leaving the underlying conviction intact. Other States allow the appeal to proceed, each according to its individual rules, practices and procedures. Alabama requires a deceased appellant's pending appeal to be dismissed. The trial court is then ordered to enter a notation in the trial court record acknowledging that while the conviction removed the defendant's presumption of innocence, the conviction was neither affirmed nor reversed because the defendant died while the appeal was pending.
[3] Colorado abates the entire case ab initio unless the underlying conviction was the result of a guilty plea.[4] Several jurisdictions allow either the State or a personal representative to file a motion to substitute the personal representative as the appellant, allowing the appeal to continue, generally when a miscarriage of justice is alleged.[5] Of these States, Alaska, Maryland, and Washington dismiss the appeal but not the underlying conviction if no motion for substitution is timely filed. 
¶6 Various approaches are taken by the remaining States. Some abate appeals based upon procedures promulgated by court rules;
[6] others resolve abatement issues based upon the nature of the claimed error presented on appeal.[7] North Dakota has only addressed abatement in a post-conviction proceeding, allowing the underlying conviction to remain intact.[8] New York has abated appeals and underlying convictions ab initio in some instances and abated only the pending appeal in others.[9] At least two States have no published opinions on the issue of abatement.[10] In short, abatement procedures vary widely among the fifty States.
¶7 Oklahoma has no statutory or constitutional provision defining a course of action to be taken when a defendant dies pending resolution of a direct appeal in a criminal matter. After reviewing the briefs of the parties and the various procedures and approaches taken by the individual States in addressing the abatement issue, this Court will no longer abate appeals ab initio. 
¶8 We adopt the following abatement procedure. Upon the filing of a motion to abate a pending appeal, this Court will issue an order allowing the personal representative of the deceased appellant's estate thirty (30) days in which to petition this Court to proceed with and finalize the pending appeal. The petition must establish a showing of good cause as to why the appeal should not be dismissed. Notice shall be provided to all counsel of record. If this Court determines good cause has been shown by the petitioning party, the appeal will proceed to its conclusion. If this Court rejects the personal representative's petition challenging dismissal of the appeal, or if no petition is filed within the thirty (30) day time limitation, the appeal will be dismissed.
¶9 Upon dismissal of the appeal, the trial court shall make note in the district court file that the defendant's conviction removed his presumption of innocence. The notation shall further state that the defendant's conviction was appealed, but was neither affirmed nor reversed because the defendant died while the matter was pending. The defendant's underlying conviction will no longer be dismissed based solely upon his or her death.
[11] 
¶10 IT IS THEREFORE THE ORDER OF THIS COURT that proceedings in the above-styled and numbered appeal do not ABATE. NOTICE is hereby given to the personal representative of the estate of STANLEY VERNON MAJORS, Appellant in Oklahoma Court of Criminal Appeals Case No. F-2018-230, styled Stanley Vernon Majors v. The State of Oklahoma, allowing the personal representative thirty (30) days from the date of this order to file a petition in this Court showing good cause why Majors' pending appeal should not be dismissed. If no petition seeking continuation of the appeal is filed within thirty (30) days of the date of this order, the pending appeal shall be dismissed.

¶11 The Clerk of this Court is directed to transmit a copy of this Order to the Court Clerk of Tulsa County; the District Court of Tulsa County, the Honorable Sharon Holmes, District Judge; all counsel of record, and the personal representative of Stanley Vernon Majors.
¶12 IT IS SO ORDERED.
¶13 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 21st day of May, 2020.

/S/DAVID B. LEWIS, Presiding Judge
/S/DANA KUEHN, Vice Presiding Judge
(dissent sep. writing)
/S/GARY L. LUMPKIN, Judge
/S/ROBERT L. HUDSON, Judge
(- special concur w/separate writing)
/S/SCOTT ROWLAND, Judge

ATTEST:
John D. Hadden
Clerk
FOOTNOTES
[1] The Second Circuit, Third Circuit, Fourth Circuit, Fifth Circuit, Sixth Circuit, Seventh Circuit, Eighth Circuit, Ninth Circuit, Tenth Circuit, Eleventh Circuit, and D.C. Circuit all follow this procedure. We have found no published opinions on this issue from the First Circuit.
[2] In Dove v. United States, 423 U.S. 325 (1976), the Supreme Court eliminated the Durham rule for petitions in error but not for appeals of right.
[3] Wheat v. State, 907 So. 2d 461 (Ala. 2005).
[4] People v. Lipira, 621 P.2d 1389 (Colo. App. 1980).
[5] State v. Carlin, 249 P.3d 752 (Alaska 2011); Thompson v. State, 503 S.W.3d 62 (Ark. 2016); Ark. R. App. P. Crim. Rule 1(c); State v. Makaila, 897 P.2d 967 (Haw. 1995); Surland v. State, 895 A.2d 1034 (Md. 2006); Gollott v. State, 646 So. 2d 1297 (Miss. 1994); Brass v. State, 325 P.3d 1256 (Nev. 2014); State v. McGettrick, 509 N.E.2d 378 (Ohio 1987); State v. Webb, 219 P.3d 695 (Wash. 2009).
[6] State v. Hemenway, 302 P.3d 413 (Or. 2013); ORAP 8.05.
[7] State v. Gartland, 694 A.2d 564 (N.J. 1997); Commonwealth v. Bizzaro, 535 A.2d 1130 (Pa. 1987).
[8] State v. Dalman, 520 N.W.2d 860 (N.D. 1994).
[9] Compare People v. Mintz, 20 N.Y.2d 753 (N.Y. 1967) (holding that appellant's death during a pending appeal "requires that the judgement of conviction be vacated"), with People v. Parker, 71 N.Y.2d 887 (N.Y. 1988) (dismissing the appeal but not the underlying conviction).
[10] We have found no published opinions on the issue of abatement from Vermont or West Virginia.
[11] Clarification of the procedure for perfecting these types of appeals will be set out in a separate order for publication in revision this Court's Rules.




KUEHN, V.P.J., Dissenting:
¶1 The doctrine of abatement ab initio, though deserving modification, need not be entirely upended. I agree with the majority that the doctrine should be altered to allow the defendant's conviction to stand. I disagree with the majority's decision to continue a dead defendant's appeal. Instead of continuing the appeal, it should be abated. Upholding the conviction affirms the valid conviction of a lower court and prevents a legally convicted defendant from being deemed innocent. Abating the appeal provides finality, ends a moot claim and preserves already sparse judicial resources.
¶2 Once the defendant dies, the continuance of his appeal serves no cognizable function of this appellate court; it is simply outside the scope of this Court's duties. Victims may prefer an appellate decision for use in civil litigation. Defendant's family may want an appellate decision to clear the defendant's name. In each case before this Court, our responsibility is to the State and people of Oklahoma to litigate and resolve an appeal for a living defendant. Resolutions for parties affected by the abatement of an appeal exist in law, but they do not exist in this Court.
¶3 I would uphold the conviction of the lower court and abate the appeal. This expeditiously concludes a moot appeal and preserves the integrity of lower courts' decisions. I dissent.




HUDSON, J., SPECIALLY CONCURS 
¶1 I specially concur with today's ruling denying the motion of defense counsel to abate the present appeal. Today's decision marks a long-overdue change in our jurisprudence, one in which the revisionist history of the past is rejected. We have for many years employed a policy of abatement ab initio to dismiss both the pending appeals and convictions of appellants who died prior to our resolution of his or her direct appeal. Our previous approach treated the trial proceedings leading to a conviction, like the verdict itself, as inconsequential events that could be expunged as though they never happened. Cf. United States v. Estate of Parsons, 367 F.3d 409, 413 (5th Cir. 2004) (en banc) (under the doctrine of abatement ab initio, "the appeal does not just disappear, and the case is not merely dismissed. Instead, everything associated with the case is extinguished, leaving the defendant 'as if he had never been indicted or convicted.'"). This despite the significant investment of scarce judicial resources leading to the trial verdicts, not to mention the ordeal for all involved with the trial process itself--most notably crime victims, the jurors and the defendant's family who are unwitting participants in this process.
¶2 That approach was wrong. The proceedings below, like the convictions and sentences imposed, were real. The Dissent agrees the doctrine of abatement ab initio should be modified but disagrees with our decision to allow a personal representative to petition this Court to continue with the appellant's appeal. The Dissent urges that continuance of the appeal is outside the scope of our duties as an appellate court. But if the dispensation of justice in a criminal case is not part of our duties, what is?
¶3 An appellant's family should have the opportunity to carry out a convicted relative's quest for exoneration by continuing with a pending direct appeal. It will no doubt be a rare occasion when a family takes the time, trouble and expense of petitioning this Court through a personal representative to continue with a direct appeal. But this is about more than just wrongful death lawsuits and money judgments in civil court. Rather, this is about a family's right to at least attempt restoration of the good name, reputation and standing in the community of their dead relative. Such actions are appropriate when the appellant's family resolutely believes an injustice has occurred. Even if it is as "rare as hen's teeth" for a family to avail itself of this right, they should have that opportunity as these considerations may far outlive the appellant and have a lasting effect on the appellant's family and community.
¶4 The Oklahoma Constitution recognizes "[t]he courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice." Okla. Const. art. 2, § 6. Today's decision falls well within these considerations by granting the Court discretion to consider a petition by a defendant's personal representative to continue with a pending appeal. I therefore specially concur.
 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1937 OK CR 181, 74 P.2d 125, 63 Okl.Cr. 201, Oklahoma v Felts
Discussed
 1947 OK CR 98, 184 P.2d 634, 85 Okl.Cr. 45, Wilson v State
Discussed
 1950 OK CR 63, 218 P.2d 389, 91 Okl.Cr. 316, NOTT v. STATE
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 64, 795 P.2d 510, 61 OBJ 1951, Benham v. Plotner
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA