Theresa Hayes HUNTER, a/k/a Theresa K. Kilgore, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–107.

Court of Criminal Appeals of Oklahoma.

July 30, 1987.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Teresa Hayes Hunter, was tried by jury and convicted of Obtaining Property by Means of False or Bogus Check, After Former Conviction of a Felony, in Comanche County District Court, Case No. CRF-82-733, before the Honorable William M. Roberts, District Judge. The jury recommended a sentence of ten (10) years imprisonment and a $1000.00 fine. Judgment and sentence was imposed in accordance with the jury's verdict. We reverse and remand for a new trial.

In her fifth assignment of error, appellant contends that the trial court committed fundamental error by giving jury instructions which created an improper presumption of intent to defraud in violation of her guarantee to due process under the Fourteenth Amendment. We agree.

██ Initially, we note that as a general rule, the failure of the appellant to object or submit written requested instructions would constitute waiver of this issue on appeal. *See, e.g., Geary v. State*, 709 P.2d 690, 693 (Okl.Cr.1985). In the present case, however, we agree with Judge Brett's analysis in *Assadollah v. State*, 632 P.2d 1215, 1220 (Okl.Cr.1981) (Brett, J., concurring in part, dissenting in part), wherein he stated:

[E]ven a failure to draw error to the attention of the court below will not result in a permanent waiver of that error when it is fundamental. See *Rea v. State*, 3 Okl.Cr. 281, 105 P. 386 (1909). That opinion also defined fundamental error as any error which goes to the foundation of the case or which denies the defendant a right essential to his defense. In accord, *Stowe v. State*, 397 P.2d 693 (Okl.Cr.1964). When intent is an element of the crime, an instruction absolving the State of its burden to prove that element beyond a reasonable doubt is a fundamental error going to the very foundation of the case. It cannot be waived.

*Accord Tucker v. State*, 675 P.2d 459, 461 (Okl.Cr.1984).

██ In the instant case, the trial court instructed the jury in relevant part:

The term 'false or bogus check ...' shall include checks ... which are not honored ... because the check ... was drawn on a closed ... or on a non-existent account when such checks ... are given ·in exchange for money or property or ... for any benefit or thing of value, as against

the maker or drawer thereof[.] [T]he making, drawing, uttering or delivering of a check ..., payment of which is refused by the drawee, *shall be prima facie evidence of intent to defraud ...*; provided, such maker or drawer shall not have paid the drawee thereof the amount due thereon, together with the protest fees, within five (5) days from the date the same is presented for payment; and provided ... said check ... is presented for payment for thirth [sic] (30) days after same is delivered and accepted. (emphasis added)

This instruction is identical to the statutory language of 21 O.S.1981, § 1541.4, which defines the offense involved here. *Compare* OUJI–CR 541 (1981), which defines the phrase "false or bogus check" without using the prima facie language of intent to defraud. The Commission Comment to Oklahoma Uniform Jury Instruction No. 538, with regard to the intent to defraud, states that "Section 1541.4 ... creates a *presumption of intent to defraud* if the defendant fails to pay the check within the specified period." OUJI–CR 538 (1981) (Commission Comment) (emphasis added). The trial court further defined "prima facie" as follows:

[P]rima facie evidence is evidence which unexplained and uncontradicted appears to be sufficient to establish the fact, or which would warrant a finding of the fact or matter, to support or prove which [sic] it is introduced. *It is evidence which suffices to establish the fact unless rebutted or until overcome by other evidence.* It is not conclusive but may be contradicted or controverted. (emphasis added)

In our view, the foregoing instructions might reasonably have been understood by the jury as creating a mandatory rebuttable presumption, meaning that if the State proved that the appellant presented a check which was dishonored because of a closed or non-existent account, she would be presumed to have an intent to defraud, unless she could overcome such presumption by presenting sufficient evidence. Because a reasonable jury could well have interpreted such instructions as creating a

mandatory rebuttable presumption of intent to defraud unless the appellant presented sufficient evidence to prove the contrary, we find that the instructions effectively shifted the burden of persuasion on the essential element of intent to the appellant and thus deprived her of her due process rights under the Fourteenth Amendment. *See Francis v. Franklin,* 471 U.S. 307, 315–18, 105 S.Ct. 1965, 1972–73, 85 L.Ed.2d 344 (1985); *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

Due process clearly requires the State to prove each and every element of the crime charged beyond a reasonable doubt. *See In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). A mandatory rebuttable presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts, unless the defendant persuades the jury that such a finding is unwarranted. *See Francis, supra,* at 314, 105 S.Ct. at 1971 and n. 2. The Court expressly rejected the State's argument that informing the jury that the presumption "may be rebutted" was sufficient to cure the infirmity in the instructions, and stated:

A mandatory rebuttable presumption does not remove the presumed element from the case if the State proves the predicate facts, but it nonetheless relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding. A mandatory rebuttable presumption is perhaps less onerous from the defendant's perspective, but it is no less unconstitutional.

*Francis,* at 315–18, 105 S.Ct. at 1972–73. General instructions on the State's burden of proof and the accused's presumption of innocence are likewise insufficient to dissipate the error in the challenged portion of the instructions. *Id.* at 320, 105 S.Ct. at 1974. Finally, the absence of qualifying instructions as to the legal effect of the presumption supports our conclusion that the jury may have interpreted the instruc-

tion in an unconstitutional manner. *Id.* at 324, 105 S.Ct. at 1976. The infirmity in the instructions could only be resolved by an instruction which correctly explained that the jury was free to ignore the presumption and determine intent on their own. Section 2304(C) of the Oklahoma Evidence Code specifically provides:

> Whenever the existence of a presumed fact against the accused establishes guilt or is an element of the offense or negatives a defense and is submitted to a jury, *the judge shall give an instruction explaining that the jury may regard the basic facts as sufficient evidence of the presumed fact but is not required to do so.* Where the presumed fact establishes guilt, is an element of the offense or negatives a defense, *the judge also shall instruct the jury that its existence must be proved beyond a reasonable doubt.*

12 O.S.1981, § 2304(C). In the instant case, no such explanatory instructions were given.

Accordingly, because a reasonable juror could have understood the challenged portions of the jury instructions in this case as creating a mandatory rebuttable presumption that shifted the burden of persuasion on the crucial element of intent, and because the charge read as a whole does not explain or cure the error, we hold that the jury charge did not comport with the requirements of the due process clause of the Fourteenth Amendment. Although we recognize that the United States Supreme Court has recently held that the so-called "harmless error" standard of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), is applicable to jury instructions which violate the principles of *Sandstrom* and *Francis, see Rose v. Clark,* 478 U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), we are unable to conclude that the fundamental error committed in this case was harmless beyond a reasonable doubt. Therefore, the judgment and sentence is REVERSED and REMANDED for a new trial.

BRETT, P.J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting.

I must dissent to the reversal of this case. As the appellant failed to object to the instructions and further failed to submit requested instructions, she waived all error not of a fundamental nature. *Maghe v. State,* 620 P.2d 433 (Okl.Cr.1980). Having reviewed the instructions in this case, I am of the opinion that they fairly and accurately state the applicable law. *Green v. State,* 611 P.2d 262 (Okl.Cr.1980). Therefore, I would affirm the judgment and sentence.