Otto Leon YELL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–92–631.

Court of Criminal Appeals of Oklahoma.

July 16, 1993.

*ACCELERATED DOCKET ORDER*

Appellant was tried by a jury in the District Court of Texas County for the offense of Driving Under the Influence, in violation of 47 O.S.1991, § 11–902, Case No. CRM–91–201. He was found guilty of the crime charged and sentenced to one year imprisonment in the county jail, and fined $1,000. He was also found guilty of the offense of Driving to the Left of Center of Roadway. For this charge, he was sentenced to 10 days imprisonment in the county jail and fined $100.00. From this judgment and sentence, appellant appealed to this Court.

Pursuant to 22 O.S.Supp.1990, Ch. 18, App., *Rules of the Court of Criminal Appeals,* Rule 11.2, the appeal was automatically assigned to the Accelerated Docket of this Court. Oral argument was held on June 10, 1993, at which time the issues raised were presented to the Court. Because this case concerned issues of first impression in this jurisdiction, the matter was taken under advisement. Although appellant raised eight propositions of error on appeal, we will discuss only those which warrant relief. Those issues are as follows:

I) The Horizontal Gaze Nystagmus test is not generally recognized by the relevant scientific community.

II) Even if the Horizontal Gaze Nystagmus test is found to be a scientific principle that is generally recognized by the relevant scientific community, it is not admissible in a criminal case to quantify blood alcohol content, and it was reversible error to allow the officer to testify to the degree of intoxication or blood alcohol level based upon such tests.

The events which gave rise to this case occurred at approximately 1:39 a.m. on August 9, 1991, about two miles east of Guymon on Highway 54, when Officer Gregory James observed a pickup straddling both eastbound lanes on the four lane highway. He stopped the pickup which was driven by appellant. When appellant exited his vehicle the officer observed that he was having a difficult time walking as he was swaying and staggering and using the side of his pickup to keep his balance. When Officer James got close to appellant, he noticed appellant had red, bloodshot eyes and smelled of alcoholic beverage. Officer James administered the Horizontal Gaze Nystagmus (HGN) test, the walk and turn test, and the one leg stand test to the appellant. Based upon these tests, the officer testified that he believed the appellant to have had a blood alcohol level of above .10. Appellant agreed to take a breathalyzer test but refused to take a blood test. Because no qualified person was available to administer a breathalyzer test, no chemical test was administered.

Damon Johnson, a jailer for Texas County testified that he was present when appellant was booked into the jail. He stated that he observed appellant to have slow, slurred speech and the odor of alcohol on his breath. He also noted that appellant was unsteady and fell back against the wall while changing out of his pants at the jail.

It has long been the rule in Oklahoma that, "[b]efore scientific evidence is admissible, there must be proof that the reliability of the tests used has gained general acceptance and recognition in the concerned scientific community." *Plunkett v. State,* 719 P.2d 834, 840 (Okl.Cr.1986). See also *Frye v. United States,* 293 F. 1013 (D.C.Cir.1923). Thus, the party seeking to admit such evidence must lay a proper foundation before the results of a scientific test may be admitted into evidence.

A review of the record in the present case reveals that there was absolutely no evidence that the reliability of the HGN test has gained acceptance in the concerned scientific community. The only evidence

concerning the HGN test came from the officer who administered the test to the appellant. Officer James testified that he had received training to administer the test and he explained in general terms how he had administered the test to the appellant. He also testified as to what he had been taught with regard to analyzing test results, and he stated his evaluation of the appellant's performance of this test. This evidence falls far short of that required to demonstrate that the reliability of the test is generally accepted in the concerned scientific community. Accordingly, no proper foundation was laid for the admission into evidence of the results of the HGN test.

Appellant also complained that error occurred when the officer testified as to his opinion of the appellant's blood alcohol level at the time of the arrest, based largely upon the results of the HGN test. The record reflects that the officer testified to a correlation between blood alcohol concentration of .10 and above, and the rapid eye movement displayed during the HGN test. He then testified that based upon the HGN test and the other field sobriety tests, he believed the appellant to have had a blood alcohol level significantly higher than .10.

Title 47 O.S.1991, § 11–902 provides that it is unlawful for a person who has a blood or breath alcohol level of .10 to be in actual physical control of a motor vehicle. While the code provides at 47 O.S.1991, § 757 that competent evidence bearing on the question of whether a person was under the influence may be introduced at trial, it is clear that evidence other than that derived from chemical tests may not be used to quantify alcohol levels. Title 47 O.S. 1991, § 756 specifically limits the methods of quantifying alcohol levels to chemical tests designed to analyze blood or breath. Because no chemical test was administered to the appellant in the case at bar, it was error for the officer to testify as to his opinion of the specific alcohol concentration maintained by the appellant at the time of his arrest.

In light of the foregoing discussion we find that the errors which occurred at trial were twofold. First, the results of the HGN test were not properly introduced at trial, as the reliability of this test was not shown to have been generally accepted by the concerned scientific community. As such, this did not constitute competent evidence bearing on the question of whether appellant was under the influence of alcohol. Second, even if the prosecution could have made the requisite showing for the results of this test to be admissible, such results could not, under Oklahoma's statutory scheme, be used as a basis upon which to quantify appellant's alcohol level. The results of the HGN test would not be admissible as scientific evidence creating a presumption of intoxication. Instead, the HGN test, predicated by the proper foundation, would be considered in the same manner as other field sobriety tests, such as the walk and turn test and the one leg stand test.

Accordingly, because we cannot find the evidence concerning the HGN test to have been harmless beyond a reasonable doubt, we must REVERSE and REMAND for a NEW TRIAL appellant's conviction for Driving Under the Influence.

IT IS SO ORDERED.

/s/ GARY L. LUMPKIN
Presiding Judge

/s/ CHARLES A. JOHNSON
Vice–Presiding Judge

/s/ JAMES F. LANE
Judge,

/s/ CHARLES CHAPEL
Judge.