2004 OK CR 7

**Shannon Tremale BIRDINE, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2002–1226.**

Court of Criminal Appeals of Oklahoma.

Feb. 11, 2004.

As Corrected Feb. 24, 2004.

David Autry, Jason Spanich, Matthew Haire, Norman, OK, for defendant at trial.

Mark Hoover, Appellate Defense Counsel, Norman, OK, for appellant on appeal.

Dan Deaver, Rebecca Beason, Michael Beason, Asst. District Attorneys, Altus, for the state at trial.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jennifer Dickson, Assistant Attorney General, Oklahoma City, for state on appeal.

## SUMMARY OPINION

JOHNSON, Presiding Judge.

¶1 Appellant, Shannon Tremale Birdine, was charged in Jackson County District Court, Case No. CF 2001–17, with two counts of First Degree Murder, in violation of 21

O.S.Supp.2000, § 701.7,[1] after former conviction of two or more felonies.[2] Jury trial was held before the Honorable Richard Darby, District Judge, on August 20–28, 2002.[3] The jury found Appellant guilty of two counts of Second Degree Murder. The jury set punishment at life imprisonment on each count. Judgment and Sentence was imposed on October 1, 2002, and Judge Darby ordered the sentences to be served consecutively. Thereafter, Appellant filed this appeal.

¶ 2 Appellant raises three (3) propositions of error:

1. Because the instruction which informed the jurors that they could presume viability of a fetus at twenty-four weeks of gestation was confusing and improperly shifted the burden of proof onto Appellant, this Court should remand the matter for a new trial on Count II, or in the alternative, modify the Judgment and Sentence;

2. Because the State failed to introduce sufficient evidence to prove viability of the fetus, this Court should reverse Appellant's conviction on Count II and modify the Judgment and Sentence to second degree Manslaughter to reflect death of a quick child; and,

3. Under the facts and circumstances of this case, two consecutive life sentences are such excessive punishment that the conscience of this Court should be shocked.

After thorough consideration of the propositions raised, the Original Record, transcripts, and briefs of the parties, we find Appellant's conviction on Count I should be affirmed, but the Judgment and Sentence in Count II should be modified for the reasons set forth below.

¶ 3 "The Due Process Clause of the Fourteenth Amendment 'protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' " *Francis v. Franklin,* 471 U.S. 307, 313, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985), *citing In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). This constitutional principle "prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." *Francis, id.; Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

¶ 4 In this case, the trial court, over objection of both the State and Appellant, gave a jury instruction on the definition of viability which created a mandatory rebuttable presumption and effectively shifted the burden of persuasion to Appellant on an essential element of the crime. Even if only one juror's interpretation of this instruction gave it conclusive or a burden-shifting effect, the instruction was not constitutional and deprived Appellant of his due process rights under the Fourteenth Amendment· to the United States Constitution. *See Hunter v. State,* 1987 OK CR 165, ¶ 5, 740 P.2d 1206, 1208; *Francis,* 471 U.S. at 315–318, 105 S.Ct. at 1972–1973; *Sandstrom,* 442 U.S. at 524, 99 S.Ct. at 2459.

¶ 5 The general instructions on the State's burden of proof and Appellant's presumption of innocence are insufficient to dissipate the error in the jury instruction challenged here. *Hunter,* 1987 OK CR 165, ¶ 6, 740 P.2d at 1208. The absence of an explanatory or qualifying instruction informing the jury that it could ignore the presumption supports the conclusion that the instruction could have been interpreted in an unconstitutional manner. *Hunter, id.;* 12 O.S.Supp.2002, § 2304(C), (the judge shall inform the jury it "may regard the basic facts as sufficient evidence of the presumed fact but is not required to do so.")

1. The State charged Appellant with alternative theories of malice aforethought and felony/murder with rape as the underlying felony.

2. The State filed a Bill of Particulars alleging continuing threat, great risk of death to more than one person, and that the murder was heinous, atrocious and cruel.

3. The trial court granted Appellant's motion for directed verdict on the two counts of felony murder, finding there was not sufficient evidence of a rape or attempted rape to allow that issue to go to the jury.

¶ 6 We cannot find this error harmless beyond a reasonable doubt, particularly in light of the evidence presented and the uncertainty this Court has of this instruction's effect on the determination of the sufficiency of the evidence presented. Accordingly, and in consideration of the claim raised in Proposition Two, we hold Appellant's conviction for Second Degree Murder in Count II should be modified to First Degree Manslaughter, for the killing of an unborn quick child. 21 O.S.2001, § 713. Viability is not an issue which must be decided for a conviction under Section 713. *See e.g. McCarty v. State,* 2002 OK CR 4, ¶ 8, 41 P.3d 981, 984. Here, the evidence showed, beyond a reasonable doubt, the unborn child was quick within its mother's womb.

¶ 7 The statutory range of punishment for Manslaughter in the First Degree is imprisonment in the penitentiary for not less than four (4) years. 21 O.S.2001, § 715. The life sentence imposed by the jury falls within that range and we decline to modify the term of sentence imposed. We recognize the decision to run sentences concurrently or consecutively is within the discretion of the trial court. *Sherrick v. State,* 1986 OK CR 142, ¶ 16, 725 P.2d 1278, 1284. However, under the facts of this case, we believe modification of the sentences to run concurrently is appropriate and direct modification of the Judgment and Sentences to so reflect.

¶ 8 to aid trial courts in future cases, we hereby promulgate the following instruction:

No person may be convicted of Murder in the First Degree of an unborn child unless the State has proved beyond a reasonable doubt that the unborn child was viable at the time of death.

An unborn child is viable when the unborn child has the capability to live outside the mother's womb even with artificial aid. Because the point of viability may differ with each pregnancy, due to the health of the mother, support locally available or other risks, no single factor such as weight or gestational age should be the deciding factor in determining viability. Viability must be determined considering all of he evidence presented relating to the pregnancy with reasonable medical certainty.

This instruction shall be used in all future cases where the defendant is charged with either first or second degree Murder of an unborn child and is effective from the date this Opinion is published.

### DECISION

The Judgment and Sentence imposed in Jackson County District Court, Case No. CF 2001–17, Count I, is hereby **AFFIRMED** but the sentence is **modified** to run concurrently with the conviction in Count II; the Judgment and Sentence imposed in Count II of Case No. CF 2001–17 is **MODIFIED** to Manslaughter in the First Degree and the sentence imposed is **MODIFIED** to run concurrently with Count I.

LILE, V.P.J. and LUMPKIN, J. concur in part/dissent in part.

CHAPEL and STRUBHAR, JJ. concur.

LUMPKIN, Judge: concur in part/dissent in part.

¶ 1 I concur in the Court's decision to affirm the judgment and sentence in Count I. I also concur in the Court's decision to modify the conviction in Count II to Manslaughter in the First Degree, with the sentence of life imprisonment. However, I would not modify the sentences to run concurrently.

¶ 2 In addition, I appreciate the Court's recognition the infant victim is a child. As I stated in *McCarty v. State,* 2002 OK CR 4, 41 P.3d 981, the correct terminology should be either "unborn viable child" or "unborn quick child". Absent acknowledgment that the unborn child is a "human being" and a "person" protected by the statutory language, liability cannot attach to a person charged with the crime. The language of the instruction is now clear the unborn child is a person so protected.

LILE, Vice Presiding Judge: concurs in part/dissents in part.

¶ 1 I would not modify the sentences to run concurrently.