2010 OK CR 26

2010 OK CR 27

**Mark Stephen ANDERSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–2009–836.

Court of Criminal Appeals of Oklahoma.

Dec. 21, 2010.

Don J. Gutteridge, Oklahoma City, OK, Counsel for Appellant at Trial.

Bret T. Burns, District Attorney, Joshua Creekmore, Kory Kirkland, Assistant District Attorneys, Stephens County Courthouse, Duncan, OK, Counsel for the State at Trial.

Lisbeth L. McCarty, Norman, OK, Counsel for Appellant On Appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Lori S. Carter, Assistant Attorney General, Oklahoma City, OK, Counsel for the State on Appeal.

### ORDER GRANTING STATE'S MOTION FOR PUBLICATION

¶ 1 On November 2, 2010, the State filed a Motion for Publication and Brief in Support requesting publication of the unpublished summary opinion issued by this Court in the above entitled case on September 21, 2010. For good cause shown, the State's motion is **GRANTED.** The Clerk of this Court is ordered to publish the Summary Opinion in the above entitled case, attached hereto and made a part of this order.

¶ 2 **IT IS SO ORDERED.**

¶ 3 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 21st day of December, 2010.

/s/ Charles A. Johnson, Presiding Judge

/s/ Arlene Johnson, Vice Presiding Judge

/s/ Gary L. Lumpkin, Judge

/s/ David B. Lewis, Judge

/s/ Clancy Smith, Judge

### SUMMARY OPINION

LUMPKIN, Judge.

¶ 1 Appellant Mark Stephen Anderson was tried by jury and convicted of Driving a Motor Vehicle While Under the Influence of Drugs, After Former Conviction of Two or More Felonies (47 O.S.Supp.2006, § 11–902(A)(3)), Case No. CF–2008–270, in the District Court of Stephens County. The jury

recommended as punishment ten (10) years imprisonment and a $5,000.00 fine. The trial court sentenced accordingly, ordering the sentence to be served consecutively to the sentence imposed in Stephens County Case No. CF–2005–303. It is from this judgment and sentence that Appellant appeals.

¶ 2 Appellant raises the following propositions of error in support of his appeal:

I. The State failed to show a proper chain of custody; thus, the conviction must be reversed.

II. The evidence was insufficient to support the conviction.

III. Appellant was deprived of due process of law when an expired drug testing kit was used to convict.

IV. The trial court's admission of evidence concerning the "horizontal gaze nystagmus" test was error because the State did not lay a proper foundation for its admissibility.

V. An instruction improperly shifted the burden of proof in this case.

VI. Prosecutorial misconduct deprived Appellant of a fair trial and due process of law.

VII. The statute is unconstitutionally vague in reference to the charge of Driving While Intoxicated (Drugs).

VIII. The presentation of other crimes evidence deprived Appellant of a fair trial and due process of law.

IX. The State failed to prove during its case-in-chief that the test administered occurred within two hours of the arrest.

X. Appellant received ineffective assistance of counsel.

XI. The sentence was excessive.

XII. Cumulative error deprived Appellant of a fair trial.

¶ 3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that neither reversal nor modification of sentence is warranted under the law and the evidence.

¶ 4 In Proposition I, we review only for plain error and find none. *See Simpson v. State,* 1994 OK CR 40, ¶ 11, 876 P.2d 690, 695 (failure to raise objection at trial court level warrants only plain error review on appeal). We find the record reflects a sufficient chain of custody was established to properly admit the blood evidence. *See Alverson v. State,* 1999 OK CR 21, ¶ 22, 983 P.2d 498, 509 (purpose of chain of custody rule). Appellant's speculation that some impropriety may have occurred goes to the weight of the evidence to be given by the jury and not the admissibility of the evidence.

¶ 5 In Proposition II, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of Driving Under the Influence (Drugs) beyond a reasonable doubt. *Easlick v. State,* 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559; *Spuehler v. State,* 1985 OK CR 132, ¶ 7, 709 P.2d 202, 203–204.

¶ 6 In Proposition III, the record shows the blood test kit and the procedures used to test Appellant's blood were in statutory compliance. *See* 47 O.S.Supp.2006, §§ 752 & 759. In the absence of any evidence to the contrary, Appellant has failed to show any plain error. *See Hogan v. State,* 2006 OK CR 19, ¶ 39, 139 P.3d 907, 923 (first step in plain error analysis is to determine whether error occurred).

¶ 7 In Proposition IV, the trial court did not abuse its discretion in admitting the results of the Horizontal Gaze Nystagmus (HGN) test without scientific foundation by expert witnesses. Results of the HGN test, predicated by the proper foundation, are to be considered in the same manner as other field sobriety tests, such as the walk and turn test and the one leg stand test. *See Yell v. State,* 1993 OK CR 34, ¶ 11, 856 P.2d 996, 997. Through the testimony of Deputy Hornbeck and Deputy Miller a proper foundation was laid for the admission of the HGN test in the present case. The deputies were sufficiently qualified to administer the test. The testimony relating to the HGN test results was not offered as independent scientifically sound evidence of Appellant's intoxication. Rather, it was offered and admitted for the same purpose as other field sobriety

test evidence-a physical act on the part of Appellant observed by the deputies contributing to the cumulative portrait of Appellant as intoxicated in the deputies' opinion.

■ ¶ 8 Further, a scientific foundation for the test was not required as field sobriety tests are not based upon scientific evidence and are not "a scientific test in the sense it requires a certain scientific reliability", so that neither *Frye*, *Daubert* or any other test establishing reliability or trustworthiness is applicable.[1] *Bartell v. State*, 1994 OK CR 59, ¶ 30, 881 P.2d 92, 101. *See also Torres v. State*, 1998 OK CR 40, ¶ 64, 962 P.2d 3, 21–22 (*Taylor v. State*, 1995 OK CR 10, ¶ 15, 889 P.2d 319, 328 and *Daubert* are not applicable to non-scientific evidence). Therefore, as the HGN test was given in conjunction with other field sobriety tests that formed the basis for the officers' opinion testimony of Appellant's intoxication, we conclude that it was not reversible error to admit the deputies' testimony about HGN test results without scientific foundation by expert testimony. *See City of Fargo v. McLaughlin*, 512 N.W.2d 700, 703–708 (N.D.1994).

¶ 9 In Proposition V, we find no plain error in Jury Instruction No. 7. *Eizember v. State*, 2007 OK CR 29, ¶ 110, 164 P.3d 208, 236. Instruction No. 7 is not only OUJI–CR (2d) 6–19, but also tracks the language of 47 O.S.Supp.2006, § 11–902(A)(3). The instruction does not involve the kind of mandatory or burden-shifting presumption proscribed by *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). *See Lindsey v. State*, 1983 OK CR 147, ¶ 6, 671 P.2d 57, 59. *See also Birdine v. State*, 2004 OK CR 7, ¶ 3, 85 P.3d 284, 285; *Hunter v. State*, 1987 OK CR 165, ¶ 6, 740 P.2d 1206, 1208.

¶ 10 In Proposition VI, having thoroughly reviewed Appellant's allegations of prosecutorial misconduct, we find none so egregious as to have denied Appellant a fair trial. *See Brewer v. State*, 2006 OK CR 16, ¶ 13, 133 P.3d 892, 895.

¶ 11 In Proposition VII, reviewing only for plain error, we find none. *See Head v. State*,

2006 OK CR 44, ¶ 9, 146 P.3d 1141, 1144; *Frederick v. State*, 1983 OK CR 114, ¶ 6, 667 P.2d 988, 991 (failure to challenge constitutionality of state statute before the trial court waives all but plain error review on appeal). Appellant has failed to rebut the presumption that Title 47 O.S. Supp.2006, § 11–902(A)(3) is constitutional. *See State v. Hall*, 2008 OK CR 15, ¶ 23, 185 P.3d 397, 403; *Hilliary v. State*, 1981 OK CR 78, ¶ 12, 630 P.2d 791, 794 (statutes are presumptively constitutional and the challenging party bears the burden of proving otherwise). Under a common sense reading of the statute, we have no difficulty in concluding that 47 O.S. Supp.2006, § 11–902(A)(3) gives fair notice of the proscribed activity and is not void for vagueness on its face. *See Allen v. City of Oklahoma City*, 1998 OK CR 42, ¶ 6, 965 P.2d 387, 390 (vagueness challenges are overcome by a showing that reasonable people would know that their conduct is at risk); *Wilkins v. State*, 1999 OK CR 27, ¶ 6, 985 P.2d 184, 185 (application of overbreadth doctrine).

¶ 12 In Proposition VIII, we find no plain error in the admission of evidence of Appellant's suspended driver's license. Such evidence was relevant other crimes evidence. *See Lott v. State*, 2004 OK CR 27, ¶¶ 40–41, 98 P.3d 318, 334–35.

¶ 13 In Proposition IX, while a better record could have been made, the record before us is sufficient to establish that Appellant's blood was drawn within two hours of his arrest. *See Hames v. State*, 1991 OK CR 102, ¶ 14, 818 P.2d 904, 906 (testimony of police officers as to the time and manner of the test can be sufficient proof of compliance with the rules and regulations of the Board of Tests for Alcohol and Drug Influence). *See also Appeal of Dungan*, 1984 OK 21, ¶ 17, 681 P.2d 750, 753–54; *Warden v. State*, 1972 OK CR 41, ¶ 8, 499 P.2d 937, 939 (both cases results of breathalyzer test admissible as test was administered within two hours of arrest in compliance with § 756). Therefore, the trial court did not abuse its discretion in admitting the blood test results. *See*

---

1. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

**214**

*Williams v. State,* 2001 OK CR 9, ¶ 94, 22 P.3d 702, 724 (district court's evidentiary decisions are reviewed for an abuse of discretion).

¶ 14 In Proposition X, we have thoroughly reviewed Appellant's claims of counsel's ineffectiveness and find Appellant was not denied the effective assistance of counsel. *Eizember,* 2007 OK CR 29, ¶ 151–152, 164 P.3d at 244, *citing Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Further we have reviewed the claims contained in Appellant's *Application for Evidentiary Hearing on Sixth Amendment Claims* and find he has failed to show by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to present evidence of his use of legitimately prescribed medication. *See Simpson v. State,* 2010 OK CR 6, ¶ 53, 230 P.3d 888, 905–906.

¶ 15 In Proposition XI, we find Appellant's sentence within statutory guidelines and not so excessive as to shock the conscience of the Court. *Bartell,* 1994 OK CR 59, ¶ 33, 881 P.2d at 101. Appellant's request for modification of his sentence is denied.

¶ 16 In Proposition XII, as none of the allegations of error raised in Appellant's brief have merit, we find Appellant was not denied a fair trial by cumulative error. *Lott,* 2004 OK CR 27, ¶ 167, 98 P.3d at 357.

¶ 17 Accordingly, this appeal is denied.

### DECISION

¶ 18 The Judgment and Sentence is *AF-FIRMED.* Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2010), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

C. JOHNSON, P.J. and A. JOHNSON, V.P.J., concur.

LEWIS, J., concurs in result.