STATE v. CARDENAS-MORENO



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE v. CARDENAS-MORENO

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE v. CARDENAS-MORENO
2020 OK CR 15
Case Number: S-2019-797
Decided: 07/23/2020
THE STATE OF OKLAHOMA, Appellant v. JULIO HUMBERTO CARDENAS-MORENO, Appellee.

Cite as: 2020 OK CR 15, __ __

 

SUMMARY OPINION
KUEHN, VICE PRESIDING JUDGE:
¶1 Julio Humberto Cardenas-Moreno, Appellee, was charged with Driving a Motor Vehicle While Under the Influence of Alcohol in the District Court of Texas County, Case No. CM-2019-94. After a hearing on October 28, 2019, the Honorable A. Clark Jett granted Appellee's Motion to Suppress. The State appealed this decision under 22 O.S.2011, § 1053(5).
¶2 Appellant, the State, raises the following sole proposition of error in support of its appeal:
The district court erred in suppressing evidence of the PBT as 47 O.S. 11-902 (N) allows all field sobriety tests into evidence in a DUI trial.
¶3 After thorough consideration of the entire record before us, including the original record, transcripts, and briefs, we reverse and remand for further proceedings. We review the decision to grant a motion to suppress for abuse of discretion, deferring to the trial court's findings of fact and reviewing the legal conclusions de novo. State v. Hodges, 2020 OK CR 2, ¶ 3, 457 P.3d 1093, 1095. "An abuse of discretion is any unreasonable or arbitrary action made without proper consideration of the relevant facts and law, also described as a clearly erroneous conclusion and judgment, clearly against the logic and effect of the facts." Id. (citation omitted).
¶4 Oklahoma prohibits a person from driving a vehicle while under the influence of alcohol. 47 O.S.Supp.2018, § 11-902(A)(2). Admissible evidence of impairment (but not of a specific alcohol concentration level) includes testimony regarding the results of standard field sobriety tests, given by a trained and experienced witness. 47 O.S.Supp.2018, § 11-902(N). The question here is whether a preliminary breath test (PBT) should be treated as a field sobriety test, or is more like a test for specific blood alcohol concentration, such as a breath test given under 47 O.S.Supp.2019, § 752.
¶5 Appellee's claim that a PBT is a form of breathalyzer test is unconvincing. Sampling and testing under 47 O.S.Supp.2015, 2019, §§ 752 and 759 are performed to obtain specific alcohol concentration levels, which are intended to be admitted in court proceedings to prove that a defendant has a specific alcohol level greater than that allowed by statute. The record shows that the PBT here did not produce a numerical value for a specific alcohol concentration. Neither the arresting officer nor the prosecutor claim the result of the PBT showed any specific alcohol level, nor was there evidence the test was used to get such results.
¶6 Appellee argues that the Legislature did not include PBTs in a list of standard field sobriety tests. In fact, the Legislature did not provide a list of standard field sobriety tests in 47 O.S.Supp.2018, § 11-902(N). Instead, the statute refers to standard tests "including, but not limited to" horizontal gaze nystagmus tests. Nothing in this language suggests that the Legislature intended to exclude PBTs from this category. Appellee claims there are three standard tests. He cites no Oklahoma law or regulations for that claim, and no evidence supports it. Appellee admits that PBT devices are not included in the list of approved devices for measurement of specific alcohol concentrations. He claims that PBT instruments are intended to be regulated, and there was no evidence that this PBT instrument had been approved by the State. Any merit this argument might have would go to the weight to be given the test results, not their admissibility. State v. Hovet, 2016 OK CR 26, ¶ 9, 387 P.3d 951, 954-55.
¶7 Appellee relies on a Montana Supreme Court case, State v. Crawford, 2003 MT 118, 68 P.3d 848. Given the significant differences between this case and Oklahoma law, its reasoning is unpersuasive. In a different case, the Montana Supreme Court found that, despite statutory language suggesting otherwise, PBTs could not be admitted at trial to prove a specific alcohol concentration, though they could be admissible to show an estimated concentration, as probable cause evidence before trial proceedings. State v. Weldele, 2003 MT 117, ¶¶ 56-58, 69 P.3d 1162, 1175-76.
¶8 The Crawford case reiterated the substance of the Weldele ruling. In both Crawford and Weldele, the State's PBT results were in the form of a specific alcohol concentration number -- the very thing the Montana court had said could not be admitted. Here, by contrast, the State has not sought to admit a PBT result with a number purporting to show a specific alcohol concentration; the claim that Appellee had a "failing" result is merely an estimate, and a rough one at that. Moreover, there is no evidence supporting a finding that a PBT is not among the standard field sobriety tests normally given to suspects at the scene in Oklahoma.
¶9 The trial court below ruled simply that "The PBT test is not admissible in Oklahoma." No law supports that statement, and the finding is an abuse of discretion. Reviewing the law de novo, we find that PBT tests, when used as a field sobriety test to estimate a suspect's level of impairment, and without including a specific number purporting to equal an alcohol concentration level, may be admissible to support an allegation that a person accused of driving under the influence was impaired. 47 O.S.Supp.2018, § 11-902(N). Like any other evidence, their admissibility in any given case must be determined by the trial court on a case-by-case basis, using the relevant standards for measuring reliability. The proposition is granted, and the case reversed and remanded for further proceedings.
DECISION
¶10 The decision by the District Court of Texas County to suppress the evidence is REVERSED and the case is REMANDED for further proceedings. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2020), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
AN APPEAL FROM THE DISTRICT COURT OF TEXAS COUNTY
THE HONORABLE A. CLARK JETT
ASSOCIATE DISTRICT JUDGE




ATTORNEYS AT HEARING
ON MOTIONS

ATTORNEYS ON APPEAL







CHRISTOPHER J. LIEBMAN

JAMES M. BORING


CHRISTOPHER J. LIEBMAN, PLLC

DISTRICT ATTORNEY


104 NE 4TH STREET

TAOS C. SMITH


GUYMON, OK 73942

TEXAS CO. DISTRICT


COUNSEL FOR DEFENDANT

ATTORNEY'S OFFICE




319 N. MAIN STREET




GUYMON, OK 73942




COUNSEL FOR STATE/APPELLANT







TAOS C. SMITH

CHRISTOPHER J. LIEBMAN


ASST. DISTRICT ATTORNEY

CHRISTOPHER J. LIEBMAN, PLLC


319 N. MAIN STREET

104 NE 4TH STREET


GUYMON, OK 73942

GUYMON, OK 73942


COUNSEL FOR THE STATE

COUNSEL FOR APPELLEE

OPINION BY KUEHN, V.P.J.
LEWIS, P.J.: CONCUR IN RESULTS
LUMPKIN, J.: CONCUR IN RESULTS
HUDSON, J.: CONCUR IN RESULTS
ROWLAND, J.: CONCUR




LEWIS, PRESIDING JUDGE, CONCURS IN RESULTS:
¶1 Initially, the issue of whether this appeal is proper must be addressed by the Court. The State files this appeal under 22 O.S.2011, § 1053(5), which requires a showing that appellate review is in the best interest of justice. See State v. Strawn, 2018 OK CR 2, ¶ 18, 419 P.3d 249, 253. Because this is an issue of first impression, as pointed out by the State, I would find that appellate review is in the best interest of justice.
¶2 This Court has never addressed the admissibility of the results of a "portable (or pre-) breathalyzer test" or an alcohol screening device; therefore, the discussion requires more than just a blanket holding that opinions of intoxication are admissible when based on the results of these devices. These devices are obviously scientific tools that must be tested against standards of accepted scientific process before opinions based on their results are admissible. See 12 O.S.Supp.2013, § 2702. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); Taylor v. State, 1995 OK CR 10, ¶ 14, 889 P.2d 319, 326; see also Day v. State, 2013 OK CR 8, ¶ 4, 303 P.3d 291, 295; cf. Anderson v. State, 2010 OK CR 27, 252 P.3d 211. One of my biggest concerns is whether this device is reliable and accurate enough on which to base an opinion about a person's consumption of an alcoholic beverage.[1] Unlike our holding in Anderson, these portable breath alcohol testing devices are considered to be scientific and, therefore, should require a measure of scientific reliability. The record concerning this device is completely absent here; therefore, this Court is unable to address this question.
¶3 I would hold that the trial court abused its discretion in making a blanket holding that a screening device is not a proper field sobriety tool. I would further hold that, when challenged, opinions based on these portable breath alcohol testing devices should be supported by a foundation of scientific reliability.
[2] 
¶4 I would remand for further hearing on the matter. 

FOOTNOTES
[1] At one point this Court held that the Horizontal Gaze Nystagmus test was inadmissible because it had not gained acceptance in the concerned scientific community. See Yell v. State, 1993 OK CR 34, 856 P.2d 996, overruled by Anderson v. State, 2010 OK CR 27, 252 P.3d 211 (reasoning that nystagmus was "a physical act on the part of Appellant observed by the deputies contributing to the cumulative portrait of Appellant as intoxicated in the deputies' opinion").
[2] A quick search on Amazon.com shows a plethora of these devices. How is this Court to determine whether these devices are reliable or not?




LUMPKIN, JUDGE: CONCUR IN RESULTS
¶1 I concur in reversing the District Court's decision to suppress the evidence of the Preliminary Breath Test (PBT). The PBT is just another tool provided to law enforcement officers to aid in their determination, made in the field, whether there is sufficient probable cause for an arrest. Just like the HGN, walk and turn, and other field sobriety tests, the PBT aids the officers in forming an opinion as to the sobriety of a person stopped along the side of the road. It is a tool that helps assure the officer of the validity of his or her observations and opinion. This Court has previously recognized this function of field sobriety tests. See Anderson v. State, 2010 OK CR 27, ¶¶ 7-8, 252 P.3d 211, 212-13 (testimony relating to HGN test results "was offered and admitted for the same purpose as other field sobriety test evidence-a physical act on the part of Appellant observed by the deputies contributing to the cumulative portrait of Appellant as intoxicated in the deputies' opinion."); Yell v. State, 1993 OK CR 34, ¶¶ 10-11, 856 P.2d 996, 997 (this Court determined that results of field sobriety tests, such as the HGN, are not admissible as "scientific evidence creating a presumption of intoxication" but are admissible to establish probable cause for arrest).
¶2 I am authorized to state that Judge Hudson joins in the opinion.





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1993 OK CR 34, 856 P.2d 996, YELL v. STATE
Discussed at Length
 1995 OK CR 10, 889 P.2d 319, TAYLOR v. STATE
Discussed
 2010 OK CR 26, 252 P.3d 211, ANDERSON v. STATE
Discussed at Length
 2010 OK CR 27, 252 P.3d 211, ANDERSON v. STATE
Discussed at Length
 2013 OK CR 8, 303 P.3d 291, DAY v. STATE
Discussed
 2016 OK CR 26, 387 P.3d 951, STATE v. HOVET
Discussed
 2018 OK CR 2, 419 P.3d 249, STATE v. STRAWN
Discussed
 2020 OK CR 2, 457 P.3d 1093, STATE v. HODGES
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2702, Testimony by Experts
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-902, Persons Under the Influence of Alcohol or Other Intoxicating Substance or Combination Thereof
Discussed at Length
 47 O.S. 752, Procedure for Blood Tests - Authorization - Liability for Withdrawal - Reports
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA