2007 OK CR 11

**STATE of Oklahoma, Appellant**

v.

**Greg Costello SAYERWINNIE, Appellee.**

**No. S–2006–74.**

Court of Criminal Appeals of Oklahoma.

April 10, 2007.

**138**

C. Kent Bridge, Tamala Phillips, Assistant Public Defenders, Oklahoma County, Oklahoma City, OK, attorneys for defendant in District Court and on appeal.

C. Wesley Lane, II, District Attorney, Lynne McGuire, Sarah McAmis, Assistant District Attorneys, Oklahoma City, OK, attorneys for the State in District Court and on appeal.

### OPINION DENYING APPEAL

LEWIS, Judge.

¶ 1 Greg Costello Sayerwinnie was charged in the District Court of Oklahoma County, Case No. CF–2002–7035.[1] At a *Jackson v. Denno*[2] hearing, the Honorable Virgil Black, District Judge, ruled that Sayerwinnie's confession must be suppressed. The State announced its intention to appeal pursuant to 22 O.S.Supp.2002, § 1053(5). The trial court stayed the district court proceedings. Sec-

tion 1053 provides, in part, that the State may appeal,

> Upon a pretrial order, decision, or judgment suppressing or excluding evidence where appellate review of the issue would be in the best interests of justice. Priority shall be given to such an appeal, and the order staying the proceedings shall be entered pending the outcome of the appeal.

■ ¶ 2 After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits, and briefs, we have determined that the State has not shown that appellate review of this case would be in the best interests of justice. We, therefore, deny the appeal of the trial court's suppression of this evidence.

¶ 3 Our decision is based on the "best interests of justice" language found in the statute which restricts the State from filing appeals any time a tribunal suppresses evidence.

■ ¶ 4 In *State v. Goins*, 2004 OK CR 5, ¶ 2, 84 P.3d 767, 768, this Court held that a State appeal was proper under this statutory standard when evidence was suppressed, and the State asserted that it could not proceed without the evidence. The restriction of appeals by the State finds support from the United States Supreme Court, when it reasoned that,

> The need to restrict appeals by the prosecutor reflected a prudential concern that individuals should be free from the harassment and vexation of unbounded litigation by the sovereign.

*Arizona v. Manypenny*, 451 U.S. 232, 246, 101 S.Ct. 1657, 1666, 68 L.Ed.2d 58 (1981) [citations omitted]. This concern also underlies the ban against double jeopardy. *Id.* No appellate right by the government exists, absent express legislative intent. *Id.* at 246, 101 S.Ct. at 1667; *State v. Shepherd*, 1992 OK CR 69, ¶ 9, 840 P.2d 644, 647 (The State's right to appeal is authorized by statute, which cannot be enlarged by construction).

---

1. The parties state that Sayerwinnie is charged with first-degree (child abuse) murder in violation of 21 O.S.2001, § 701.7(C), or alternatively child abuse, 10 O.S.2001, § 7115; however, the parties did not make a copy of the Information a part of their designation of record.

2. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

¶ 5 Other States use language restricting the State's right to bring interlocutory appeals of the suppression of evidence. Kansas and Illinois restrict these types of appeals unless "the pretrial order suppressing or excluding evidence places the State in a position where its ability to prosecute the case is substantially impaired." *State v. Newman*, 235 Kan. 29, 680 P.2d 257, 262 (1984); *see also People v. Drum*, 194 Ill.2d 485, 252 Ill.Dec. 470, 743 N.E.2d 44, 46 (2000). Colorado, by statute, allows this type of appeal when the appeal "is not taken for the purposes of delay and the evidence is a substantial part of the proof of the charge pending against the defendant." *See* Colo.Rev.Stat. Ann., § 16–12–102(2) (West Supp.2002).

■ ¶ 6 We find that the above language gives assistance to our interpretation of the term "best interests of justice" found in § 1053(5). To give guidance to prosecutors in the future, we define the phrase "best interests of justice" to mean that the evidence suppressed forms a substantial part of the proof of the pending charge, and the State's ability to prosecute the case is substantially impaired or restricted absent the suppressed or excluded evidence.

¶ 7 The State, in the present case, has made no showing that it cannot proceed without the suppressed evidence. Nor has the State made any argument that this evidence comprises a substantial portion of its case and that its ability to prosecute the case will be restricted, at all. In fact, the State has made no argument regarding the "best interest of justice" standard; therefore, we find that this appeal must be denied.

### DECISION

¶ 8 We find that the State has not shown, and the record does not reflect, that review of this appeal is "in the best interests of justice." The State's appeal in this matter is **DENIED**. This case is **REMANDED** to the trial court for further proceedings consistent with this opinion.

LUMPKIN, P.J.: dissents.

C. JOHNSON, V.P.J., and CHAPEL, J.: concur.

A. JOHNSON, J.: concurs in results.

LUMPKIN, Presiding Judge, Dissent.

¶ 1 I must respectfully dissent to the Court's analysis and decision in this case. In applying the statutory language, "review of the issue would be in the best interest of justice", the focus of the Court should be on the correctness of the trial court's decision and not on the quantum of the State's evidence the suppressed statement represents. This Court has no way of truly knowing how substantial the suppressed evidence is to the State's case. However, we do have the ability to determine as a matter of law, applying all the legal presumptions, whether the decision of the trial judge is legally sustainable.