HUDSON, JUDGE:
¶1 On July 25, 2017, Vicky Pittman McNeely, Petitioner, by and through counsel Jason Edge and Melanie Lander, filed with the Clerk of this Court a Petition for Writ of Mandamus seeking relief from an order entered by the Honorable William D. LaFortune, District Judge, denying McNeely's Motion For Determination of Immunity in Tulsa County District Court Case No. CF-2013-343. Petitioner's request for extraordinary relief is DENIED .
¶2 Petitioner is charged in Case No. CF-2013-343 with one count of Murder in the First Degree for the shooting death of her husband inside their home. Petitioner filed a motion to dismiss the charge based on her claim of immunity from prosecution under 21 O.S.2011, § 1289.25[1] , commonly referred to as the Stand Your Ground law (hereinafter " Section 1289.25" or "Stand Your Ground"). In denying the motion, Judge LaFortune determined that McNeely was not entitled to immunity because "it was not the Legislature's intent to include a person's residence, in the context of the use of deadly force as between lawful residents therein, within the meaning of 'any other place' as those words are used in § 1289.25(D)." McNeely seeks an order reversing the District Court's ruling and dismissal of the charge filed against her.
¶3 Petitioner seeks a writ of mandamus and thus indicates her acknowledgement that there is no statutory interlocutory appeal to this Court from the District Court order. Appeal is a creature of statute and exists only when expressly authorized. White v. Coleman , 1970 OK CR 133, ¶ 11, 475 P.2d 404, 406 ; Weatherford v. State , 2000 OK CR 22, ¶ 3, 13 P.3d 987, 988 ; Burnham v. State , 2002 OK CR 6, ¶ 6, 43 P.3d 387, 389 ; City of Elk City v. State , 2007 OK CR 15, ¶ 7, 157 P.3d 1152, 1154. "[U]nless we are vested with original jurisdiction, all exercise of power must be derived from our appellate jurisdiction, which is the power and the jurisdiction to review and correct those proceedings of inferior courts brought for determination in the manner provided by law." In the matter of L.N. , 1980 OK CR 72, ¶ 4, 617 P.2d 239, 240. This Court does not engage in interlocutory review of an issue unless the defendant offers some constitutional, statutory, or judicially-created authority for interlocutory review under the circumstance. Smith v. State , 2013 OK CR 14, ¶ 24, 306 P.3d 557, 567. Petitioner offers no such authority in this matter and we find none. The Oklahoma Legislature has not included in Section 1289.25 any statutory right to an interlocutory appeal to this Court on Stand Your Ground issues. 21 O.S.2011, § 1289.25. There is thus no interlocutory appeal to this Court from Judge LaFortune's order, or any other District Court ruling that denies a motion to dismiss charges based on a claim of Stand Your Ground immunity from prosecution under Section 1289.25.
¶4 This Court has previously allowed in a series of unpublished opinions the use of a writ of prohibition as the vehicle to allow a defendant to seek pre-trial review of a trial court's denial of Stand Your Ground immunity from prosecution. See e.g. State v. Ramos , Nos. S-2013-509 and S-2013-510 (Okl.Cr. June 9, 2015) (not for publication). Petitioner argues here that a petition for writ of mandamus is the proper method of challenging the District Court order denying her request for Stand Your Ground immunity from prosecution. Whether through a writ of prohibition or mandamus, we now expressly reject our previous approach to these cases. We hold today that an extraordinary writ proceeding is not cognizable to allow merits review of a District Court's pretrial ruling denying Stand Your Ground immunity. While we recognize a direct appeal is not a true substitute for the *1275 interlocutory appeal Petitioner seeks, there is simply no statutorily authorized means under existing law to address the issue pretrial as it is presented here.
¶5 The Rules of this Court specifically state the requirements that must be established before issuance of a writ of mandamus or a writ of prohibition. Before a writ of prohibition will issue, a "[p]etitioner has the burden of establishing (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy." Rule 10.6(A), Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2018). The purpose of the writ of prohibition is thus to address whether the exercise of judicial power is unauthorized by law, and is not to address the merits of a decision rendered after the exercise of authorized judicial power. Id . When a judge of a district court addresses and decides a defendant's motion to dismiss charges based on a claim of Stand Your Ground immunity from prosecution under 21 O.S.2011, § 1289.25, that judge is exercising judicial power that is sanctioned by law. Judge LaFortune's exercise of judicial power in denying Petitioner's motion to dismiss charges based on a Stand Your Ground immunity claim is not unauthorized by law. Petitioner has thus not established that a writ of prohibition can or should issue in this matter. Rule 10.6(A), Rules , supra .
¶6 Before a writ of mandamus will issue, a "[p]etitioner has the burden of establishing (1) he has a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion; and (3) the adequacy of mandamus and the inadequacy of other relief." Rule 10.6(B), Rules , supra . Stand Your Ground immunity is necessarily a factual determination and thus can never be a clear legal right. Rule 10.6(B), Rules , supra . Petitioner may be able to establish a factual basis for a Stand Your Ground defense; but she cannot establish a clear legal right to the relief of Stand Your Ground immunity from prosecution. Id . Judge LaFortune did not refuse to perform a plain legal duty, and exercised discretion in denying Petitioner's claim of Stand Your Ground immunity from prosecution. Rule 10.6(B), Rules , supra . Reviewing the merits of Judge LaFortune's decision is not the proper function of the extraordinary writ of mandamus. Rule 10.6(B), Rules , supra . Thus, Petitioner has also not established that a writ of mandamus can or should issue in this matter. Rule 10.6(A), Rules , supra .
¶7 The use of the term "immun[ity]" in the Stand Your Ground law is somewhat a misnomer. Immunity is generally defined as an exemption from a duty or liability, as granted by law to a person or class of persons. Black's Law Dictionary 751 (6th ed. 1990); Webster's Third New International Dictionary 1130-31 (1986). Immunity as used in Oklahoma's Stand Your Ground law can be easily misconstrued to mean absolute immunity from prosecution regardless of the underlying facts and circumstances. Yet, the immunity created in section 1289.25 is a conditional immunity meaning that it applies only if certain factual elements are established. See, e.g., People v. Guenther , 740 P.2d 971, 977 (Colo. 1987) (finding Colorado's equivalent Stand Your Ground law provides "conditional immunity" that requires the adjudicatory role of the court to determine if a sufficient factual predicate exists for application of the statute). The applicability of Stand Your Ground is thus entirely dependent on the specific and unique facts and circumstances of the particular incident at issue. See 21 O.S.2011, § 1289.25. The pivotal determination of whether Stand Your Ground applies to any given scenario requires judicial application of the law to the specific facts at hand.
¶8 When criminal charges are filed, the only way courts can truly determine whether a defendant is immune from prosecution under the Stand Your Ground law is for the State to present evidence showing all of the facts and circumstances regarding the commission of the alleged crime; and then for the defendant to present evidence showing why, under all the facts and circumstances of the case, the defendant's use of force was reasonable and justified under the Stand Your Ground law. Such a procedure is the very essence of a criminal prosecution. In other words, a defendant must be prosecuted *1276 to some extent in order for Oklahoma courts to determine if he or she is legally not guilty of a crime.
¶9 District Attorneys of Oklahoma should continue to include Stand Your Ground considerations in the exercise of their general discretion and authority to decide what criminal charges should be filed. Okla. Const. Art II, § 17 ; 22 O.S.2011, § 303 ; 21 O.S.2011, § 1289.25 ; see also Woodward v. Morrissey , 1999 OK CR 43, 991 P.2d 1042. Trial courts should continue to use motion hearings and preliminary examination proceedings to address arguments and precepts concerning Stand Your Ground immunity from prosecution. See 22 O.S.2011, §§ 264, 1289.25. We are confident that all due process and statutory Stand Your Ground requirements will be fully satisfied by such efforts even though there are no available appellate challenges for interlocutory Stand Your Ground decisions.
DECISION
¶10 The petition for writ of mandamus asking this Court to overturn the order entered by Judge LaFortune in Tulsa County District Court Case No. CF-2013-343 is DENIED . The application for stay of proceedings is DENIED .
LUMPKIN, P.J.: SPECIALLY CONCUR
LEWIS, V.P.J.: DISSENT
KUEHN, J.: DISSENT
ROWLAND, J.: SPECIALLY CONCUR
LUMPKIN, PRESIDING JUDGE: SPECIALLY CONCURRING
¶1 I compliment my colleague for a clearly written direct application of the Rule of Law in this matter. I amplify his finding that to abrogate the Rule of Law through the use of a writ of mandamus to affect an unauthorized interlocutory appeal would contravene not only our rules but our precedent.
¶2 I write further to explain why the use of the phrase "immune from criminal prosecution" is a misnomer as to the right and defense set forth in 21 O.S.2011, § 1289.25(F). The District Courts do not have the authority to unilaterally grant immunity. Only the executive branch of the government, i.e. , the prosecutor, can propose a grant of immunity. See Mills v. State , 1985 OK CR 58, ¶ 12, 733 P.2d 880, 882 ("[T]he immunity provision contained in Art. II, § 27 of the Oklahoma Constitution [ ] extends the privilege only to witnesses testifying for the State."); United States v. Apperson , 441 F.3d 1162, 1203-04 (10th Cir. 2006) (holding courts have no inherent authority to grant a witness use immunity in absence of prosecution's deliberate attempt to distort fact finding process); United States v. LaHue , 261 F.3d 993, 1014 (10th Cir. 2001) ("[T]he district court did not abuse its discretion in refusing to grant immunity to the twelve unnamed defense witnesses, because use immunity is the sole prerogative of the executive branch...."). The court's role is only to confirm the immunity which the prosecution has granted. See Harris v. State , 1992 OK CR 74, ¶ 17, 841 P.2d 597, 601 (holding immunity attaches after hearing before court reporter, when court approves written immunity agreement with written order).
¶3 Reading Section 1289.25 as a whole I must conclude that § 1289.25(F) does not grant immunity. State ex. rel. Mashburn v. Stice , 2012 OK CR 14, ¶¶ 11-12, 288 P.3d 247, 250 (setting forth requirement of seeking to reconcile conflicting statutory provisions to give effect to each, if possible, and apply the intent of the Legislature, if it can be properly discerned). Section 1289.25(G) clearly provides for the prosecution of the use of physical or deadly force where there is probable cause to believe that the force was unlawful. Thus, the Legislature did not intend to grant immunity but merely placed a limitation on the prosecution's charging discretion. Cf. State v. Haworth , 2012 OK CR 12, ¶ 18, 283 P.3d 311, 317 (describing prosecutorial discretion in charging). In other words, instead of the use of the word "immune" the Legislature meant "is not subject to prosecution."
¶4 This Court does not engage in interlocutory review of an issue unless there is constitutional, statutory, or clear legal precedent establishing the circumstance. Smith v. State , 2013 OK CR 14, ¶ 24, 306 P.3d 557, 567. Absent a special right to interlocutory appeal, a criminal defendant must hold his complaint unless and until he has been convicted *1277 of, and sentenced for, the crime with which he is charged. Id.
¶5 The Legislature has not made any provision for interlocutory or pre-trial appellate review of the right set forth in § 1289.25(F). The right does not otherwise exist. Heike v. United States , 217 U.S. 423, 433, 30 S.Ct. 539, 543, 54 L.Ed. 821 (1910) ; Scribner v. State , 1913 OK CR 131, 9 Okla. Crim. 465, 132 P. 933, 949 ; Rule 10.6, Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch. 18, App. (2018). This Court must not afford interlocutory or pre-trial appellate review under these circumstances. To do otherwise would violate the Rule of Law and set us on a course of continually reaching out to address issues just because we might "feel" it was the best course of action rather than whether the law allowed it.

This cited version was in effect on the date Petitioner's alleged crime was committed on January 11, 2013.