OSCN Found Document:STATE v. CRAWFORD

 

 
 STATE v. CRAWFORD2026 OK CR 4Case Number: S-2024-444Decided: 02/05/2026Mandate Issued: 02/05/2026THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2026 OK CR 4, __ P.3d __

 

THE STATE OF OKLAHOMA, Appellant
v.
ANTONIO RAHSAWN CRAWFORD, Appellee.

O P I N I O N

MUSSEMAN, VICE PRESIDING JUDGE:

¶1 Appellee, Antonio Rahsawn Crawford, was charged in the District Court of Tulsa County, Case No. CF-2023-3455, with Count 1: Child Abuse by Injury, in violation of 21 O.S.2021, § 843.512 O.S.2021, § 240422 O.S.Supp.2022, § 1053

¶2 Upon receipt of the parties' briefs, this Court issued an order setting the case for oral argument and requesting supplemental briefs from both parties regarding this Court's jurisdiction to hear the State's appeal. Oral argument was held on June 12, 2025, after which this Court took the matter under advisement.

¶3 We hold that this Court lacks jurisdiction over the State's appeal under both Sections 1053(5) and 1053(6) of Title 22.

BACKGROUND

¶4 The State's Notice of Intent to Introduce Evidence of Other Acts summarizes five instances over a twenty-five-month period in which Crawford is alleged to have assaulted S.C., who is the mother of the child victim in this case. The facts listed in the notice appear to be taken from police reports, and the pleading does not state what witness, or witnesses, would be called to testify at trial. However, during the motion hearing the prosecutor stated that S.C. had testified at the preliminary hearing and would be present for the trial. Because the State did not call any witnesses at the motion hearing, the trial court overruled the motion and found the evidence inadmissible because the State had not satisfied its burden by clear and convincing evidence. Specifically, the trial court found the following:

But I am just going to go straight to clear and convincing. I have not heard any testimony with regard to this matter. I don't know who's going to testify to it. I don't know what she's going to say. I don't know how she's going to say it. I don't know if she's going to be a good witness. So at this point, I can't find that it's clear and convincing. I'm going to deny the State's request to use 2404(B) evidence, as I have not heard from [S.C.], and so I cannot make that decision today.

DISCUSSION 

¶5 Under Section 1053 of Title 22, the State may invoke the jurisdiction of this Court and appeal the following orders or rulings and no others:

1. Upon judgment for the defendant on quashing or setting

aside an indictment or information;

2. Upon an order of the court arresting the judgment;

3. Upon a question reserved by the state or a municipality;

4. Upon judgment for the defendant on a motion to quash

for insufficient evidence in a felony matter;

5. Upon a pretrial order, decision, or judgment suppressing

or excluding evidence where appellate review of the issue would be in the best interests of justice;

6. Upon a pretrial order, decision or judgment suppressing

or excluding evidence in cases alleging violation of any provisions of Section 13.1 of Title 21 of the Oklahoma Statutes; and

7. Upon an order, decision or judgment finding that a

defendant is immune from or not subject to criminal prosecution.

22 O.S.Supp.2022, § 1053State v. Gilchrist, 2017 OK CR 25422 P.3d 182

¶6 In the present case, the State alleges this Court has jurisdiction over the appeal pursuant to Section 1053(6). It is uncontested that Appellee is charged with a crime listed in Section 13.1. 21 O.S.2021, § 13.1

¶7 This Court has long held that "[a] fundamental principle of statutory construction is to ascertain and give effect to the intention of the Legislature" and that "[l]egislative intent is first determined by the plain and ordinary language of the statute." Washburne v. State, 2024 OK CR 9548 P.3d 786Gerhart v. State, 2015 OK CR 12360 P.3d 1194Newlun v. State, 2015 OK CR 7348 P.3d 209State v. Haworth, 2012 OK CR 12283 P.3d 311Lozoya v. State, 1996 OK CR 55932 P.2d 22Landrum v. State, 1953 OK CR 33255 P.2d 525

¶8 In its supplemental brief and at oral argument, the State submits that the plain and ordinary meaning of the words "suppressing" and "excluding" grants it the right to appeal any pretrial ruling that results in the State not being able to admit certain evidence. Under this interpretation, the State could appeal a wide array of pretrial evidentiary rulings including those based upon Fourth or Fifth Amendment violations, those based upon relevance, those based upon the prejudice/probative balancing test of Section 2403 of Title 12, and those based, as here, upon Section 2404(B).

¶9 Conversely, Appellee urges an interpretation of "suppressing or excluding evidence" which is far more restrictive and narrower than the State's viewpoint and would give this Court pre-trial appellate jurisdiction only when the defendant files a motion to suppress evidence which is then granted by the trial court. In his supplemental brief, Appellee contends the State could only appeal where the trial court finds that admitting evidence would violate a constitutional right, and thus the prosecution may not appeal the denial of its motion to admit other acts evidence under Section 2404(B).

¶10 The terms "suppressing or excluding" used in Section 1053(6) are often used in criminal cases to mean suppression stemming from a constitutional violation or its related exclusionary rule. They could also mean evidence that is inadmissible and excluded from trial. In truth, these terms are often used interchangeably, but in the context of Section 1053(6), the diverse outcomes require more precision in the definition. A review of our precedent reveals only one case where this Court has addressed jurisdiction of a State's appeal under Section 1053(6): State v. Wallace, 2019 OK CR 10442 P.3d 175Wallace, this Court reviewed a trial court's order suppressing evidence gained from an illegal search and seizure of a cell phone, but we did not analyze or give meaning to suppressing or excluding. Id. at ¶ 1, 442 P.3d at 178.

¶11 However, this Court is not alone in its consideration of the propriety of State appeals in a criminal case. "[I]n the federal jurisprudence . . . appeals by the Government in criminal cases, are something unusual, exceptional, not favored. The history shows resistance of the [United States Supreme] Court to the opening of an appellate route for the Government until it was plainly provided by the Congress, and after that a close restriction of its uses to those authorized by the statute." Carroll v. United States, 354 U.S. 394, 400 (1957). See also Will v. United States, 389 U.S. 90, 96 (1967); Arizona v. Manypenny, 451 U.S. 232, 245-46 (1981). This view is also pervasive in the common law throughout the several states that the sovereign lacked the right to appeal in a criminal case unless a statute positively provided for it. United States v. Sanges, 144 U.S. 310, 312-18 (1892).

¶12 Oklahoma has a similar history when it comes to the scope of appellate rights afforded to the State. This Court has recognized "[t]he need to restrict appeals by the prosecutor" and that need "reflected a prudential concern that individuals should be free from the harassment and vexation of unbounded litigation by the sovereign." State v. Sayerwinnie, 2007 OK CR 11157 P.3d 137Manypenny, 451 U.S. at 246). As a result, this Court and many others have held that "[n]o appellate right by the government exists, absent express legislative intent." Id. (citing Manypenny, at 246; State v. Shepherd, 1992 OK CR 69840 P.2d 644Gilchrist, 2017 OK CR 25State v. Campbell, 1998 OK CR 38965 P.2d 991accord Sayerwinnie, 2007 OK CR 11Campbell, 1998 OK CR 38Shepherd, 1992 OK CR 69State v. Humphrey, 1947 OK CR 129186 P.2d 664State v. Seidenbach, 1941 OK CR 178120 P.2d 377State v. Gray, 1941 OK CR 42111 P.2d 514State v. Stone, 1934 OK CR 13237 P.2d 320State v. Weathers, 1917 OK CR 24162 P. 239Oklahoma City v. Tucker, 1915 OK CR 3145 P. 757

¶13 It is against this backdrop, applicable to the entirety of Section 1053, that we must consider the statutory interpretation question before us. Moreover, this Court is similarly restrictive when it comes to our jurisdiction over interlocutory appeals. As a general rule, this Court does not entertain interlocutory appeals. Nguyen v. State, 1989 OK CR 6772 P.2d 401Gonseth v. State, 1994 OK CR 9871 P.2d 51Hardin v. State, 1982 OK CR 124649 P.2d 799see also McNeely v. State, 2018 OK CR 18422 P.3d 1272

¶14 Section 1053(6) is likely a response to Sayerwinnie where this Court held the State failed to make a showing that its appeal was in the best interest of justice as required by Section 1053(5). Sayerwinnie, 2007 OK CR 11Id. at ¶ 1, 157 P.3d at 138. Two years later, the Legislature amended Section 1053 to include Section 1053(6) which would have allowed the appeal in Sayerwinnie. With this context, we can consider "the evils and mischiefs to be remedied" by Section 1053(6), and "the natural or absurd consequences of any particular interpretation." Haworth, 2012 OK CR 12Lozoya, 1996 OK CR 55Landrum, 1953 OK CR 33

¶15 Like Section 1053(6), Section 1053(5) provides an interlocutory appeal by the State in the event of a "pretrial order, decision, or judgment suppressing or excluding evidence . . . ." 22 O.S.Supp.2022, § 105322 O.S.Supp.2022, § 1053

¶16 While this Court could rely on Section 1053(5) and its related precedent which approves a broad definition for "suppressing or excluding evidence," to do so would embrace a false equivalency. To be sure, this Court's precedent for Section 1053(5) appeals is replete with review of constitutional suppression and its related exclusionary rule. Id. In cases appealable pursuant to Section 1053(5), the Legislature provided this Court the best interests of justice standard to implement in order to screen out cases and mitigate harms associated with State interlocutory appeals.

¶17 This Court must also consider the potential effects of our holding today in light of the hazards associated with State appeals and the Legislature's goal in enacting Section 1053(6). Haworth, 2012 OK CR 12Lozoya, 1996 OK CR 55Landrum, 1953 OK CR 33Sayerwinnie, 2007 OK CR 11Manypenny, 451 U.S. at 246).

¶18 As a result, this Court must use a more restrictive definition for "suppressing or excluding" as used in Section 1053(6) than that used in Section 1053(5). To do otherwise would sacrifice the careful balance struck by Section 1053 as a whole to allow the State to seek review of important decisions before the trial court while still protecting the rights of the accused and the administration of trial courts' dockets. Therefore, in order for the State to satisfy "suppressing or excluding evidence" pursuant to Section 1053(6), it must demonstrate the trial court found a constitutional violation and either suppressed evidence, or utilized the exclusionary rule to suppress evidence. Sayerwinnie. As a result, this Court lacks jurisdiction under Section 1053(6) to hear the State's interlocutory appeal.

¶19 Today's holding should be understood to limit this Court's jurisdiction under Section 1053(6) only. This Court's precedent is unchanged regarding our jurisdiction under Section 1053(5) and its focus on best interests of justice. 

¶20 However, even if this Court were to assess our jurisdiction pursuant to Section 1053(5) in the present case, we would not find the trial court issued an "order, decision, or judgment suppressing or excluding evidence," or that such an appeal was "in the best interests of justice." 22 O.S.Supp.2022, § 1053

¶21 Finally, we turn to the dissent which agrees with the result that this Court lacks jurisdiction over the State's appeal. However, the dissent departs from this Court's decision to interpret, and then how to interpret, "suppressing or excluding" in Section 1053(6). First, there is nothing suspect about this Court choosing one element over another in a jurisdictional statute if both are equally dispositive. Similarly, there is nothing extraordinary about this Court ruling in the alternative, especially here where we robustly interpret the jurisdictional limits of Section 1053(6) for the first time. See Jimenez v. State, 2024 OK CR 33561 P.3d 1124

¶22 The dissent also accuses the majority of substituting the Legislature's policy choices with those of this Court. However, the dissent misapprehends this Court's application of precedent. The Court recognizes the comfort and ease of interpreting both Sections' 1053(5) and 1053(6) use of "suppressing or excluding" the same. But see Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 170 (2012) ("Yet more than most other canons, [the Presumption of Consistent Usage Canon] assumes a perfection of drafting that, as an empirical matter, is not often achieved. . . . [D]rafters more than rarely use the same word to denote different concepts . . . ."). Instead, this Court must continue to view Section 1053 through the lens of our precedent which has the Court defer to a narrower interpretation when given reasonable alternatives that do not defeat the clear intent of the Legislature. Here, the Court considered this backdrop of interpretation, and through rigorous review, satisfied itself that its interpretation did not defeat the evil the statute was aimed to correct, specifically Sayerwinnie.

¶23 At the core of this dispute is a difference of opinion in what judicial restraint means in this case. The Court today understands the importance of this case as one in a long line of cases narrowly interpreting our jurisdiction over State appeals. We hold true to that precedent. In so doing, this Court lays bare its legal analysis and rationale so that litigants, citizens, and the Legislature may understand how the Court will deliver on its longstanding, and oft repeated holding: we will not enlarge our appellate jurisdiction by construction. In contrast, the dissent's approach would decide the present case on narrow grounds while simultaneously removing shackles the Court put in place as a check on its own power over a century ago. The dissent would abandon that restriction and vastly enlarge our jurisdiction and role among our sister branches of government. That, we are unwilling to do absent a clear and unambiguous command from the Legislature.

DECISION

¶24 Finding this Court is without jurisdiction to hear the State's appeal under both Sections 1053(5) and 1053(6), the State's appeal is DISMISSED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2026), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY,
THE HONORABLE MICHELLE KEELY, DISTRICT JUDGE

 
 
  
  
 
 
 APPEARANCES AT 
 PRETRIAL MOTION HEARING
 
 PATRICK WEIGANT
 ASST. PUBLIC DEFENDER
 TULSA COUNTY PUBLIC
 DEFENDER'S OFFICE
 500 S. DENVER, STE. 300
 TULSA, OK 74103
 ATTORNEY FOR DEFENDANT
  
 APPEARANCES ON APPEAL
 
 BRIAN A. JONES
 ASST. PUBLIC DEFENDER
 TULSA COUNTY PUBLIC
 DEFENDER'S OFFICE
 500 S. DENVER, STE. 300
 TULSA, OK 74103
 ATTORNEY FOR APPELLEE
 
 
 LEYNA CHURCHILL
 ASST. DISTRICT ATTORNEY
 TULSA COUNTY DISTRICT
 ATTORNEY'S OFFICE
 500 S. DENVER, STE. 900
 TULSA, OK 74103
 ATTORNEY FOR STATE
 STEPHEN A. KUNZWEILER
 TULSA COUNTY DISTRICT
 ATTORNEY
 LEYNA CHURCHILL
 ASST. DISTRICT ATTORNEY
 TULSA COUNTY DISTRICT
 ATTORNEY'S OFFICE
 500 S. DENVER, STE. 900
 TULSA, OK 74103
 ATTORNEY FOR APPELLANT
 
 

OPINION BY: MUSSEMAN, V.P.J.
LUMPKIN, P.J.: Concur in Part/Dissent in Part
LEWIS, J.: Specially Concur
HUDSON, J.: Dissent
ROWLAND, J.: Specially Concur

FOOTNOTES

See e.g. State v. Tannehill, 2024 OK CR 32State v. Velasquez, 2024 OK CR 29559 P.3d 894State v. Burtrum, 2023 OK CR 7530 P.3d 68State v. Ballenger, 2022 OK CR 11514 P.3d 478State v. Breznai, 2022 OK CR 17516 P.3d 686State v. Lewis, 2021 OK CR 22498 P.3d 779State v. Roberson, 2021 OK CR 16492 P.3d 620State v. Morgan, 2019 OK CR 26452 P.3d 434State v. Cousan, 2019 OK CR 16447 P.3d 481State v. Stark, 2018 OK CR 16422 P.3d 1282State v. Strawn, 2018 OK CR 2419 P.3d 249State v. Keefe, 2017 OK CR 3394 P.3d 1272State v. Feeken, 2016 OK CR 6371 P.3d 1124State v. Alba, 2015 OK CR 2341 P.3d 91State v. Nelson, 2015 OK CR 10356 P.3d 1113State v. Zungali, 2015 OK CR 8348 P.3d 704State v. Thomas, 2014 OK CR 12334 P.3d 941State v. Iven, 2014 OK CR 8335 P.3d 264State v. Marcum, 2014 OK CR 1319 P.3d 681State v. Bass, 2013 OK CR 7300 P.3d 1193State v. Kieffer-Roden, 2009 OK CR 18208 P.3d 471State v. Goins, 2004 OK CR 584 P.3d 767State v. Hooley, 2012 OK CR 3269 P.3d 949State v. Pope, 2009 OK CR 9204 P.3d 1285

See State v. Cardenas-Moreno, 2020 OK CR 15471 P.3d 760State v. Hodges, 2020 OK CR 2457 P.3d 1093State v. Hovet, 2016 OK CR 26387 P.3d 951

See e.g. U.S. CONST. amend. IV and V.

See e.g. Cardenas-Moreno, 2020 OK CR 15471 P.3d 760Hodges, 2020 OK CR 2457 P.3d 1093Hovet, 2016 OK CR 26387 P.3d 951State v. Fowler, Case No. S-2013-790, slip op. (Okl. Cr. July 1, 2014) (not for publication) (reviewing admissibility of other crimes evidence under Section 2404(B) of Title 12); State v. Pham/Tran, Case No. S-2019-676, slip op. (Okl. Cr. October 22, 2020) (not for publication) (same). Similar evidentiary provisions, provided they are in the best interests of justice, could be reviewed under Section 1053(5). See e.g. Sections 2413 and 2414 of Title 12 regarding sexual propensity evidence; Sections 2501 et seq. of Title 12 defining privilege; and Section 2803.1 of Title 12 governing child hearsay.

See State v. Tucker, No. S 2024 333, slip op. (Okl. Cr. Mar. 6, 2025) (unpublished) (325 days from date of order appealed to this Court's opinion dismissing the appeal); State v. Bowles, No. S-2024-284, slip op. (Okl. Cr. Dec. 16, 2024) (unpublished) (252 days); State v. Jones, No. S-2021-419, slip op. (Okl. Cr. Feb. 17, 2022) (unpublished) (287 days).

 

 

LUMPKIN, PRESIDING JUDGE: CONCUR IN PART/DISSENT IN PART

¶1 I completely agree with the decision in this case that the ruling by the trial judge was not an abuse of discretion. However, I write separately to outline my analysis of the Section 1053(6) issue presented and to dissent to the majority's finding that this Court lacks jurisdiction to hear this appeal.

¶2 In State v. Goins, 2004 OK CR 584 P.3d 767Sayerwinnie v. State, 2007 OK CR 11157 P.3d 137Goins, 2004 OK CR 5Goins standard should be the standard this Court employs in analyzing all State appeals brought pursuant to Section 1053 subsections (except for subsections 3 and 7) which allow the State to appeal prior to trial.

¶3 The Oklahoma Constitution gives this Court "appellate jurisdiction in criminal cases." Okla. Const. Art. 7, § 4. The Legislature has enabled this grant of appellate jurisdiction to this Court as follows: "[t]he Court of Criminal Appeals shall have exclusive appellate jurisdiction, coextensive with the limits of the state, in all criminal cases appealed from the district, superior and county courts, and such other courts of record as may be established by law." 20 O.S.2021, § 40See Manypenny, 451 U.S. at 250-51. Therefore, this Court does have jurisdiction to hear this appeal and to determine if the appeal falls within the statutory language set out by the Legislature.

¶4 With the above provisions in mind, I believe there is a constant theme in the limited Section 1053 provisions allowing a State appeal in a criminal case. Except for the particular provisions of Section1053(7) which allow an appeal from a final decision by a trial judge as to the application of statutory immunity to a defendant, and Section 1053(3) relating to a reserved question of law, the other subsections of Section 1053 deal with the theme of whether the State can proceed with its prosecution after the trial court's decision.

¶5 While the Court has some anomalies in its jurisprudence based on the particular facts of a case, it has more often focused on whether a trial judge's decision to suppress or exclude evidence resulted in the State's inability to proceed with the prosecution of the case. That theme and principle of law also applies here as the trial judge's ruling is not final and the State can proceed with the trial and reoffer the testimony after some evidence is presented to lay a foundation for its admissibility. In this case, the trial court did not abuse its discretion in denying the motion because the State failed to present any evidence.

¶6 Even in Sections 1053(3) and 1053(7) there is a final judgment upon which this Court can act. As the opinion sets forth this Court cannot be involved in the pretrial procedures of the district courts as the trial judges rule on pretrial motions that set the stage for the trial to take place. This Court can only deal with those rulings that preclude the State from going to trial due to the nature of the trial court's decision excluding or suppressing the admission of certain evidence. I would apply this standard to all the subsections of Section 1053, except for subsections (3) and (7) due to the specific nature of those appeals. Section 1053(6) does not allow the State to appeal a greater range of pretrial rulings.

¶7 By applying this simple standard to what the words suppress or exclude mean in the context of those remaining subsections, the Court is more consistent in its application of the State's right to appeal and ensures the State is not given a greater right than an accused citizen. However, as I pointed out in Sayerwinnie we do not evaluate the weight of the State's evidence as to whether the State needs it for its case, but only as to whether the legal ruling by the trial judge was a correct legal decision and whether the finality of the decision prevents the State from further prosecution of the case.

 

 

LEWIS, SPECIALLY CONCURRING:

¶1 I concur that the trial court's evidentiary ruling here is not appealable as a ruling "suppressing or excluding evidence" within the meaning of Section 1053(6). The trial court simply determined at a pre-trial hearing that the State had not yet presented the clear and convincing evidence requisite to admitting some proffered evidence of defendant's other crimes. This was not a final ruling suppressing or excluding anything.

¶2 I agree that Section 1053(6) allows the State to appeal from a trial court's ruling suppressing or excluding evidence pursuant to a constitutional exclusionary rule in an 85% Crime, but I would expand our holding today to include the State's right to appeal from exclusion or suppression of evidence based on claims of privilege asserted under Sections 2501-2510.1

¶3 The trial court's duty to rule on claims of privilege asserted under these provisions, and the need for interlocutory review of such orders, are socially and legally of a piece with judicial enforcement of the exclusionary rules that protect the Bill of Rights. 

¶4 The Legislature did not intend in Section 1053(6) to grant the State a right to challenge every adverse pre-trial ruling on the admissibility of evidence in the trial of an 85% Crime. This expansive reading of the law would seriously impair the trial court's discretion over the presentation of evidence and the management of trials. The Court must continue to strike an appropriate balance in challenges to ordinary evidence rulings under the "best interests of justice" standard to avoid these potentially disruptive effects.

FOOTNOTES

i.e. Sections 2401-2414 of Title 12, or the specialized rules for expert and opinion testimony, i.e. Sections 2701-2705, the rules of evidentiary privilege "are not designed or intended to facilitate the fact-finding process or to safeguard its integrity. Their effect is clearly inhibitive; rather than facilitating the illumination of truth, they shut out the light . . . Nevertheless, rules of privilege are not without a rationale. Their warrant is the protection of interests and relationships which, rightly or wrongly, are regarded as of sufficient social importance to justify some sacrifice of availability of evidence relevant to the administration of justice." Edward Cleary, McCormick on Evidence § 72, 171 (3d ed., West 1984).

See Elkins v. United States, 364 U.S. 206, 233-34 (1960)(Frankfurther, J., dissenting)(finding a privilege that bars testimony is justified only where "excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth."

 

 

HUDSON, JUDGE, DISSENTING:

¶1 I dissent from today's decision. As the majority recognizes, the trial court's ruling is not a final pretrial decision, order or judgment that can be appealed under Section 1053(6)'s plain language. Judge Keely did not rule on the State's motion to admit other crimes or bad acts evidence because the prosecutor did not present any witnesses in support of said motion at the pretrial hearing. The challenge to our jurisdiction in this scenario is that the trial court did not rule on the merits of the issue and, thus, we do not have a final, appealable pretrial order. That should be the end of today's decision. This dispositive point, however, is merely an afterthought of the majority's analysis.

¶2 The majority goes even further and concludes that the plain language of Section 1053(6) applies only to pretrial rulings suppressing or excluding evidence for constitutional violations. However, no such restrictive language appears in the plain statutory text. Statutory interpretation is singularly focused on discerning the legislative intent underlying the plain statutory text. The majority admits that the plain language of Section 1053(6) "could also mean evidence that is inadmissible and excluded from trial" (like other crimes evidence) as opposed to evidence suppressed for a constitutional violation. The more natural reading of Section 1053(6)'s plain language when taken in context is to treat the statutory phrase "suppressing or excluding evidence" as referring broadly to evidence disallowed for constitutional or non-constitutional violations in 85% cases. The majority's restrictive reading of the statutory phrase "suppressing or excluding evidence" has the practical effect of striking the word "excluding" out of Section 1053(6) entirely.

¶3 Instead of honoring the policy choice very obviously encapsulated within the plain language of Section 1053(6), the majority restricts the plain language of the statute by interpreting it with a policy more in-line to its own sense of prudence. The majority's focus on the "great disruption" caused by interlocutory appeals to pretrial case management of pending criminal cases amounts to a policy discussion and is a dead giveaway to what's going on here. The majority's policy analysis drives its interpretation of the statute's plain language. I cannot join this misguided approach to statutory interpretation. See Patel v. Garland, 596 U.S. 328, 346 (2022) ("Yet we inevitably swerve out of our lane when we put policy considerations in the driver's seat. [P]olicy concerns cannot trump the best interpretation of the statutory text.").

¶4 I agree that unbridled interlocutory appeals in the context of pending criminal cases would potentially be very disruptive of the district courts' ability to manage its trial dockets. There are many potential difficulties associated with such a policy, as my colleagues point out. However, I believe wholeheartedly that it is the prerogative of the Legislature to make such policy decisions, not this Court. The language in Section 1053(6) is very broad and strongly suggests that the Legislature intended to authorize appeals from all final pretrial rulings and orders suppressing or excluding evidence for constitutional or non-constitutional violations in 85% cases.

¶5 I therefore respectfully dissent from today's decision.

 

 

ROWLAND, J., SPECIALLY CONCURRING:

¶1 The briefs, oral arguments, and separate opinions in this case present a smorgasbord of legal approaches to interpreting 22 O.S.Supp.2022, § 1053

¶2 I agree with the majority that this Court must be circumspect in applying this statute to avoid a potential state appeal of every pretrial evidentiary ruling with which it disagrees, and to avoid the mischief of this Court expanding its own appellate jurisdiction. Any iteration of Section 1053 which broadens the State's right of pretrial appeal, and therefore broadens the pretrial jurisdiction of this Court, must come from the Legislature and not from our pens. McNeely v. State, 2018 OK CR 18422 P.3d 1272

¶3 In my view, this appeal by the State cannot prevail, regardless of how the statute is construed, because there is no abuse of discretion by the district court, particularly in light of the fact that the trial judge's ruling does not appear to be a final order. Judge Keely ruled from the bench that because the State had put on no evidence to support its motion, it had not at that point satisfied its burden of clear and convincing evidence. 

But I am just going to go straight to clear and convincing. I have not heard any testimony with regard to this matter. I don't know who's going to testify to it. I don't know what she's going to say. I don't know how she's going to say it. I don't know if she's going to be a good witness. So at this point, I can't find that it's clear and convincing. I'm going to deny the State's request to use 2404 B evidence, as I have not heard from [S.C.], and so I cannot make that decision today.

(Emphasis added).

¶4 The virtue of the majority's position is that it limits state appeals in cases brought pursuant to Section 1053(6) to only those involving the suppression of evidence based upon a claimed constitutional violation. There is already such a limitation in non-section 13.1 appeals brought under Section 1053(5) pursuant to State v. Sayerwinnie, 2007 OK CR 11157 P.3d 137

¶5 On the other hand, the vice of today's decision is that it interprets the phrase "suppressing or excluding" to mean two different things in paragraphs (5) and (6), respectively, of Section 1053. When the appeal is brought pursuant to paragraph (5), that term appears to encompass not only constitutional violations, but also certain other pretrial rulings. 

¶6 Were we to adopt Crawford's argument and limit State appeals to those situations where the defense challenges the introduction of evidence based upon a claimed constitutional violation, that would nullify what appears to be, at least from our unpublished cases, a current ability by the State to appeal certain rulings under 12 O.S.2021, § 240412 O.S.2021, § 2413

¶7 The State's right of appeal pursuant to Section 1053(5) was added by the Legislature in 2002, and Section 1053(6) was added in 2009. Our cases interpreting those have not always been models of precision or clarity, but we have attempted to strike a balance between implementing the State's statutory right of pretrial appeal in certain cases, without improvidently broadening this Court's jurisdiction to include all unsuccessful pretrial motions filed by the prosecution and hamstringing the ability of trial judges to preside over their trials. Such balancing of competing policies is the proper purview of the Legislature, and I respectfully urge lawmakers to clarify with precision which types of pretrial rulings may be appealed by the State and which ones may not.

FOOTNOTES

Burks decision itself indicates that pretrial rulings on Section 2404(B) evidence are advisory and must be renewed at trial. Burks v. State, 1979 OK CR 10594 P.2d 771overruled in part on other grounds by Jones v. State, 1989 OK CR 7772 P.2d 922Burks case was decided.

See State v. Smith, Case No. S-2022-728 (Okl. Cr. Nov. 2, 2023) (Not For Publication) (State appeal of ruling on 12 O.S.2021, § 2404State v. Anderson, Case No. S-2013-0303 (Okl. Cr. March 27, 2014) (Not For Publication) (same); State v. Fowler, Case No. S-2013-790 (Okl. Cr. July 1, 2014) (Not For Publication) (same); State v. Pham/Tran, Case No. S-2019-676 (Okl. Cr. October 22, 2020) (Not For Publication) (same); State v. Weaver, Case No. S-2019-242 (Okl. Cr. June 18, 2020) (Not For Publication) (State appeal of ruling on sexual propensity evidence pursuant to 12 O.S.2011, §§ 2413State v. Favors, Case No. S-2005-1067 (Okl. Cr. August 18, 2006) (Not For Publication) (State appeal of ruling on Confrontation Clause).